guilty, even if he should stand mute, especially in capital cases. But it is a general rule that the total want or omission of an arraignment will be a sufficient ground for reversing a judgement—(1 Chitty's Criminal Law, p. 418.) Had the record stated that the defendant had regularly appeared and pleaded, an arraignment would have been implied by that act. As, however, there is no evidence, from the record, that the defendant pleaded—that he was arraigned—or that he even personally appeared, the judgment in this case must be reversed. There are other essential errors, but the one already examined being sufficient, the others need not be considered.

Judgment reversed.

---

## Harrell vs. Stringfield.

### Error to Desmoines.

The technical phraseology of a verdict is not material, provided the intention of the jury is evident beyond all question.

A judgment will not be disturbed for a substantial defect in a verdict where the record shows that such defect cannot by any possibility, operate to the prejudice of the plaintiff in error.

This was an action of replevin, brought by Harrell against Stringfield, upon which the following verdict was rendered. " We, the jurors, find a verdict for the defendant and award him legal damages."— Judgment was thereupon rendered against the plaintiff for costs of suit only.

Two errors were assigned—first, that the verdict of the jury does not dispose of the issue, and secondly, that the verdict is not found in accordance with the statute, which requires the jury, where they find for the defendant, to assess his damages.

For the plaintiff in error, Rorer & Starr.

For the defendant, Browning & Grimes.

By the Court, Mason, Chief Justice.—The errors relied upon for reversing the judgment in this case, are, 1st: That the verdict of the

jury does not dispose of the issue.    2d, That the verdict is not found in accordance with the statute which requires the jurry to assess the damages.

The action was originally commenced before a Justice of the Peace. In his transcript sent up to the District Court on appeal, he states that issue was joined, without declaring what that issue was.    Upon that issue the verdict of the jury in the District Court was, " We, the jurors, find a verdict for the defendant and award him legal damages. "

This is certainly a very informal verdict.    But the case comes nearly within the principle decided at the present term in the case of *Gordon & Washburn vs. Higley*, except that the verdict was not rectified in form in the court below.    Whatever might have been the issue, there can be no doubt as to the intention of the jury.    It would have been proper for the District Court to have changed the phraseology of the verdict, so as to have given it a correct technical form—but we do not deem it essential.

As to the omission of the jury to assess damages for the defendant in pursuance of the statute, it is a defect which must have operated beneficially to the plaintiff, and therefore he will not be allowed to reverse the judgement on that account.

We take this opportunity of recommending to the members of the bar greater care in relation to the entries in the records of the District courts.    While we are determined not to disturb proceedings, in those courts, for technical errors, which can work no possible harm, we shall not hesitate to do so, whenever there are plausible grounds for supposing that such erros may create an injury to the party asking a reversal.

The judgment of the court below is affirmed.

---

# Wm. Rigglesworth *vs.* Isaac Reed.

A judgment below will be reversed where the name of the garnishee, and the damages and costs are left in blank.

This case was brought up by writ of error for several defects in the record below.    Rigglesworth had been proceeded against, in the Court below, as a garnishee in a suit, wherein Reed was plaintiff, but in the