THOMAS DIXON, APPELLANT, VS. THE STATE OF FLORIDA, APPELLEE.

1. The plea of the prisoner in a capital case must precede the swearing of the jury.

2. When there is sufficient in the record to show the presence of the prisoner in Court during the proceedings, the omission to read the indictment to the prisoner, and to demand of the prisoner whether he is guilty or not guilty of the charge, is waived by his pleading to the indictment.

3. The prisoner having entered the plea of not guilty, concluding to the country, the addition of the similiter by the State is not essential to the regularity of the conviction, and its omission does not authorize an arrest of the judgment.

Thomas Dixon was indicted for and convicted of murder in the first degree in the Circuit Court for Duval county.

He moved an arrest of judgment on the following grounds:

"*First.* There was no legal arraignment of the prisoner.

"*Second.* The court erred in excusing all the regular panel but one juror, thereby compelling the defendant to choose the remaining eleven jurors to try him, from talesmen and bystanders.

"*Third.* There is not a sufficient identity of the prisoner in connecting him with the act alleged to be committed to warrant a conviction.

"*Fourth.* The verdict of the jury is contrary to law in

this, that all the allegations in the indictment are not proved, especially as to the means by which the killing was done.

"*Fifth.* The verdict of the jury is not sustained by the weight of the evidence."

*D. C. Dawkins* for Appellant.

*E. K. Foster, Jr.,* State Attorney, for the State.

WESTCOTT, J., delivered the opinion of the court.

The causes on which a motion in arrest of judgment should be grounded, are confined to objections which arise upon the face of the record itself. The matters set up in most of the grounds above stated for the motion, would have been applicable to a motion to set aside the verdict and for new trial in the court below. No such motion being made in the Circuit Court, we have here no action of the court below in this respect to review, and it is too late to ask for a new trial in this court on account of the general character of the evidence and like matter.

The first ground for the motion is, that there was no arraignment.

That portion of the record which should disclose the arraignment and plea in this case is as follows:

"And now on this day comes E. K. Foster, Jr., Esq., who prosecutes the pleas in behalf of the State, and also comes the defendant, who, being placed at the bar, whereupon the court ordered the jury to be empaneled from the talesmen duly summoned, having excused all the regular panel but one. The clerk then addressed the defendant as follows: Thomas Dixon, stand up—hold up your right hand. You are now set to the bar to be tried, and these good men, whom I shall call, are to pass between the State and you upon your trial. If you would object to any of them, you will do so as they are called and before they are sworn. You have a right to challenge twenty of these jurors per-

Dixon vs. The State of Florida—Opinion of Court.

emptorily, and as many more as you have good cause for challenging. Thereupon came the following, to-wit: John Pelot, John E. Fretwell, Milton N. Parcells, J. C. Grace, H. Berlack, E. W. Denny, J. J. Holland, T. W. McCormick, George A. Hartley, W. B. Churchill, P. R. Jarvis and I. M. DeWall, who, being duly sworn to well and truly try and true deliverance make between the State of Florida and the defendant, and a true verdict render according to the evidence. The jury being duly empaneled, the clerk proceeded as follows: Thomas Dixon, stand up—hold up your right hand. Gentlemen of the jury, hearken to an indictment found against the prisoner at the bar by the grand inquest for the body of this county. To this indictment the prisoner pleads not guilty, and puts himself upon his country for trial, which country you are. Good men and true, stand together and hearken to the evidence."

There is much in this entry which is unnecessary. Strictly speaking, the record should contain the arraignment proper, the plea, and the issue which is usually entered thus, and afterwards, to-wit: At the same term of the said Circuit Court, in the county aforesaid, on the —— day of —— A. D. 1869, before the said ——— Judge of the Circuit Court for the —— Judicial District of the State of Florida, cometh the said Thomas Dixon, under the custody of ——— sheriff of the county aforesaid, being brought to the bar here in his proper person by the said sheriff, to whom he is here also committed, and forthwith being demanded concerning the premises in the said indictment above stated, and charged upon him how he will acquit himself thereof, he saith that he is not guilty thereof: and thereof, for good and evil, he puts himself upon the country, and ——— Esq., State Attorney, who prosecute for the State in this behalf, doth the like.

While this is the proper form, it is, however, not essential that the record should contain the similiter. 1 Chitty's

Crim. Law, 720; Bishop's Crim. Proc., 927; 4 Burrow, 2085; 7 Miss., 190; 5 Ired., 139; 11 Ind., 311.

There is so much of an arraignment in this record as identifies the prisoner and discloses his personal presence in court, and whatever may be the rule where an arraignment is entirely omitted, we are satisfied that the failure to read the indictment or to demand of the prisoner whether he is guilty or not guilty, and asking him how he will be tried, is cured by his appearing and pleading to the indictment. The purpose and end of reading the indictment and making the demand is to advise the party of the nature of the accusation and to learn what he has to say in reference thereto, and if he advises himself and answers the accusation by plea, he waives these formalities, which are mere preliminaries looking to that result. State vs. Hughes, 1 Ala., (new series,) 657; People vs. Corbett, 28 Cal., 330; Douglass vs. The State, 3 Wis., 820; Cook vs. The State, 26 Ga., 593.

This view is fully sustained by the remarks of Chief Justice Marshall, in the very celebrated trial of Aaron Burr. In this trial the prisoner having been brought into court, and some question arising as to form of arraignment, remarks as follows passed between the counsel and court:

Mr. Wirt—The usual form requires the actual arraignment of the prisoner; however, the court may dispense with it if it think proper.

Mr. Hay was indifferent about the form, if the law could be substantially executed. He supposed that a simple acknowledgement of the prisoner was sufficient without the customary form of holding up the hand.

Chief Justice—It is enough if he appear to the indictment and plead not guilty.

An examination of the citations, made to support the view in 1 Chitty's Crim. Law, 419, will show that the case presented by this record is not within the principle of those cases, and a reference to the case in (1 Morris, 18,) Iowa, the only American authority cited to sustain the proposition of

the appellant, will show that in that case "there was no evidence from the record *that the defendant pleaded, that he was arraigned, or that he even personally appeared."*

In the case of Jacobs vs. The Commonwealth, 5 Sarg't & Rawle, 317, the court say : " The entry of the arraignment is the record of the defendant's appearance in the court, and it is necessary only where he must appear in person." Without going so far as to say that his presence cannot otherwise be made to appear than by a formal arraignment, we have, in fact, in this case so much of an arraignment as discloses the personal presence of the party about to be tried, and hence this case comes up to the rule stated in Pennsylvania, admitting it to be correct.

There is no entry in this record to the effect that the prisoner pleaded before the jury weres worn. It does appear with sufficient certainty that a plea was interposed, but it was after the jury was sworn.

The conclusion from this record is, that the prisoner was brought to the bar of the court, and without being required to plead to the indictment a jury was elected and sworn, when there was no plea or issue, and that after this, for the first time, the defendant was called on for a plea, and did plead.

The case of the State vs. Hughes, 1 Ala., 657, is a case precisely in point. Collier, C. J., delivering the opinion of the court in that case, remarks : " This proceeding cannot be sustained without a wide departure from established usage. Though a formal arraignment of one charged with a criminal offence may not be indispensable to the regularity of a conviction, we think it clear that the case must be put in a condition for trial before the jury is sworn. Such is the settled cause of procedure according to the most accurate writers upon criminal law. 4 Black. Com., 322, 332, 342. The idea of selecting and swearing a jury to try a case, which, in its progressive steps, has not reached the stage when it is triable, is a perfect anomaly. The oath

administered to the jury related to the present time, and cannot authorize them to try a case which is afterwards placed in a condition for trial. Until the prisoner was called on for his plea, it could not be known whether there would be an issue of fact for the jury, or what the issue, if any, might be. The prisoner, instead of submitting the question of his guilt, might have pleaded in abatement or have presented to the court legal objections to the indictment."

We do not think that this irregularity in the matter of the plea of the defendant is cured by the provisions of Sec. 26 of the act entitled an act relating to jurors, approved August 1, 1868, and we shall make the same order as was made in the similar case in Alabama.

The judgment of the court is reversed, and the prisoner is directed to be held in custody to await a trial *de novo*.