HENRY BURNEY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—PRISONER PRESENT AT BEGINNING OF TRIAL, HIS PRESENCE PRESUMED TO CONTINUE.

Where it affirmatively appears that the defendant in a criminal case was personally present in court at the beginning of his trial, that was begun and finished on the same day without interruption by recess or otherwise, the presumption is that he continued to be so present up to and until the rendition of the verdict, even though the record is silent as to whether he was so present at the rendering of the verdict or not.

Writ of error to the Circuit Court for Leon county.

The facts of the case are stated in the opinion of the court.

*Stephen C. Miller* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

TAYLOR, J.:

The plaintiff in error was indicted, tried and convicted at the Spring term, 1893, of the Circuit Court for Leon county, of the charge of buying and receiv-

ing stolen property, knowing the same to have been stolen. He brings the case here by writ of error, and assigns the following as errors: 1st. The verdict was not found, presented or filed in accordance with law. 2nd. The record fails to show that the defendant was present at the time of the rendition of the verdict. The only possible irregularity in the verdict, as the same is copied into the record before us, is that it is not signed by anyone as foreman of the jury. This defect, if any, is shown, however, by an agreement of the Attorney-General and the counsel for the plaintiff in error filed here, to be a clerical omission in making up the record, in which it is shown and admitted that the verdict rendered was in fact signed by one of the jurors as foreman of the jury. This cures the only objection that can apparently be urged to the verdict, or to the manner of its rendition and presentation in court.

As to the second assignment of error, it appears from the record that the trial of the defendant was begun and finished on the same day without any interruption by recess or otherwise; and the record shows affirmatively that the defendant was personally present in court at the commencement of the trial, was arraigned and pleaded not guilty; and while the record does not give expression to the fact that he was thus personally present at the rendition by the jury of their verdict, yet the presumption, under the circumstances as disclosed by the record, is, that being personally present at the beginning of the trial, which by the record is shown to have proceeded without interruption up to the rendition of the verdict, he continued to be and was present during the whole of

such trial. Lovett vs. State, 29 Fla., 356, 11 South. Rep., 172.

The judgment of the court below is affirmed.