JOHN MARTIN AND MART MARTIN, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. It will be sufficient that record entries show by necessary and reasonable implication that defendant was personally present in all cases where it is required that the record should show personal presence.

2. Evidence examined and found sufficient to support the verdict.

Writ of error to the Ciruit Court for DeSoto County.

The facts in the case are stated in the opinion of the Court.

*J. H. Hancock and Wilson & Wilson,* for Plaintiffs in Error.

*The Attorney-General,* for Defendant in Error.

CARTER, J.:

At the Fall term, 1899, of the Circuit Court of De-Soto county, plaintiffs in error and one Jeff Daniels were tried upon an indictment found November 2, 1897, charging them with larceny of twelve hogs, the property of Peden Barnhill. Daniels was acquitted but plaintiffs in error were found guilty, and from the sentences imposed sued out this writ of error.

Various errors are assigned, several of which have been abandoned by failure to argue them. Those argued raised but two questions: First, whether the record entries are sufficient to show that plaintiffs in error were personally present when their motion for a new trial was ruled upon by the court below; second, whether the evidence is sufficient to support the verdict.

1. The record entries show that plaintiffs in error were personally present in court on October 25, 1899, when they were arraigned and plead to the indictment, and that the verdict was rendered on the same day; and they show also that on October 31st they were present when sentence was passed upon them. There is nothing to show when the motion for a new trial was filed or argued, but the record entry of the ruling thereon is dated October 30, 1899, and reads as follows: "The foregoing motion for a new trial, etc., came on

this day to be heard, and the court being clear that the last ground of the motion is based on a misapprehension of the charge of the court, the said motion is overruled and denied; to which ruling the defendants except." If the rule requiring personal presence to be shown by the record applies to the ruling upon a motion for a new trial, the record entry in this case concluding with the language *"to which ruling the defendants except,"* shows by necessary and reasonable implication that the defendants were personally present when the motion was ruled upon. This is sufficient. Brown v. State, 29 Fla. 543, 10 South. Rep. 736; Lovett v. State, 29 Fla. 356, 11 South. Rep. 172.

II. The evidence has been carefully considered by us, and we find nothing in it that justifies us in reversing the ruling of the court below denying the motion for a new trial.

The judgment is affirmed.