H. A. BLOCKER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1.  In a prosecution for felony, it is essential that the record proper should clearly show that the defendant was arraigned and pleaded to the charge, and by express recital or by fair implication that the accused was personally present at every stage of the trial, and a statement in the record proper that the defendant came by his attorneys, does not imply the defendant's personal presence.

2. In a prosecution for larceny, it is error to refuse charges predicated upon a lawful taking of the property where that was the defense made in the evidence.

This case was decided by Division A.

Writ of error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Stewart & Bly,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The transcript of the record brought to this court from the Criminal Court of Record for Volusia county in response to a writ of error is prepared under Rule 103 of Circuit Court Rules and the certificate of the clerk is that it is "a true copy of all the proceedings and a correct transcript of the record of the judgment in the case of the State of Florida, plaintiff, and H. A. Blocker, defendant, as appears upon the files and records of my office," as required by the said rule. See 14 Fla., 34 et seq., of appendix.

In this transcript it is stated that on June 13, 1910, "H. A. Blocker was bound over to the Criminal Court of Record in and for Volusia County," by the County Judge of that county "to answer a charge of grand larceny." On June 14, 1910, an information charging H. A. Blocker with grand larceny was filed in the Criminal Court of Record, and on the next day another information was filed charging H. A. Blocker with grand larceny. A capias was issued and the return thereon is that the accused was arrested and taken into custody by the sheriff. The record

then states that on June 16, 1910, at a term of the Criminal Court of Record "came the said plaintiff and the said defendant by their respective attorneys, and thereupon came a jury" * * * who being duly elected, tried and sworn the truth to speak upon the issues joined, having heard the evidence, the charge of the court. and the argument of counsel, and having considered of their verdict, upon their oaths do say: We the jury find the defendant H. A. Blocker guilty as charged so say we all. J. B. Odum foreman. And upon the same day the judgment of the court upon the said verdict was entered in the words and figures to-wit: Now comes the defendant H. A. Blocker, by his attorneys, Stewart & Bly, and moves this court to set aside the verdict of the jury rendered in the above styled cause and to grant the defendant a new trial, which motion was overruled, to which the defendant excepts. Then came the defendant in person. What have you to say why the sentence of the law and the judgment of the court should not be pronounced upon you? This answer not being sufficient, it is the sentence of the law and the judgment of the court that you H. A. Blocker, be confined in the State Prison of Florida for a period of three years sentence to begin from this date."

It nowhere appears in the transcript, which is certified to contain "a true copy of all the proceedings," that the defendant was ever at any time arraigned, or that he pleaded to the information in person or otherwise, or even that he was present at the trial until sentence was pronounced, except that the bill of exceptions shows he testified in his own behalf.

In a prosecution for felony, it is essential that the record proper should clearly show that the defendant was arraigned and pleaded to the charge, and by express recital or by fair implication that the accused was personally

present at every stage of the trial, and a statement in the record proper that the defendant came by his attorneys, does not imply the defendant's personal presence. Warrace v. State, 27 Fla., 362, 8 South. Rep., 748; Denham v. State, 22 Fla., 664; Story and Sullivan v. State, 16 Fla., 564; Bassett v. State, 44 Fla., 2, 33 South. Rep., 262; Clements v. State, 51 Fla., 6, 40 South. Rep., 432; Dixon v. State, 13 Fla., 631; Lovett v. State, 29 Fla., 356; 11 South. Rep., 172; Palmquist v. State, 30 Fla., 73, 11 South. Rep., 521; Brown v. State, 29 Fla., 543, 10 South. Rep., 736; McCoy v. State, 40 Fla., 494, 24 South. Rep., 485; Irvin v. State, 19 Fla., 872; McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734; Burney v. State, 32 Fla., 253, 13 South. Rep., 406; Adams v. State, 28 Fla., 511, 10 South. Rep., 106; Martin v. State, 42 Fla., 194, 27 South. Rep., 865; Lewis v. State, 42 Fla., 253, 28 South. Rep., 397; Summeralls v. State, 37 Fla., 162, 20 South. Rep., 242; 5 Am. & Eng. Enc. of Law & Practice 402 and notes.

While it may not be essential that the record proper show affirmatively that the defendant was personally present when a motion for a new trial is submitted and ruled upon, Williams v. State, 42 Fla., 210, 27 South. Rep., 869, and perhaps in some other proceedings not amounting to steps in or stages of the trial, Thomas v. State, 47 Fla., 99, 36 South. Rep., 161; Starke v. State, 49 Fla., 41, 37 South. Rep., 850; Colson v. State, 51 Fla., 19, 40 South. Rep., 183, it is necessary to a valid conviction of a felony that the accused be arraigned, be allowed to plead and be personally present at every stage of the trial, and that such facts appear by the record proper as a perpetual memorial that due process of law was observed and accorded to the accused in the trial.

Where in a prosecution for a felony the transcript of the record brought to the appellate court is certified to

contain "a true copy of all the proceedings in the case as appears upon the files and records of the office of the" clerk of the trial court, and it does not appear from the record proper expressly or by fair implication that the accused was arraigned or that he pleaded to the charge or that he was personally present at the trial, except when he was called to be sentenced, a judgment of conviction may be reversed even though no assignments of error are predicated upon such vital defects in the record of conviction. In such a case a recital that the defendant came by his attorney is insufficient, there being no implication that the defendant was present in person and no record entry that he was arraigned or pleaded. No application was made to show that the transcript here does not contain a true copy of the record in the court below.

It was error to refuse charges predicated upon a lawful taking of the property for that was the defense made in the evidence for the accused.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.