LAWRENCE RUSSELL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed March 11, 1913.

A mere order made in the absence of the defendant that the jury be brought into court with their verdict, is not reversible error where it affirmatively appears that the defendant was present when the jury were asked if they had agreed on a verdict and when the verdict was received by the court.

Writ of error to the Criminal Court of Record of Monroe County.

Judgment affirmed.

*L. A. Harris,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, J.—Russell was convicted of the felony of grand larceny and took writ of error. The only contention here is that during the absence of the defendant in jail the court ordered the jury brought into court, and the jury returned into court with a verdict. It is not contended that the verdict was tendered by the jury or received by the court in the absence of the defendant. It appears from the record that the defendant was arraigned in open court and entered a plea of not guilty. The trial was had and completed the same day. After the jury had been charged by the court and retired to consider their verdict, the court adjourned to 3 P. M. On reconvening the court at 3 P. M. the Sheriff notified the court that the jury was ready to come into court. The court ordered the jury to be brought into court and

the jury came into court, the defendant not being present. The court then ordered the defendant to be brought into court. The defendant being in court the jury were asked if they had agreed on a verdict, and they having answered in the affirmative, returned the verdict.

In ordering the jury brought into court in the absence of the defendant the court took no steps in the cause that required the presence of the defendant. See Colson v. State, 51 Fla. 19, 40 South. Rep. 183; Blocker v. State, 60 Fla. 4, 53 South. Rep. 715. The verdict was not asked for, or tendered or rendered in the absence of the defendant. It affirmatively appears that the defendant was present when the jury were asked if they had agreed on a verdict and when the verdict was received by the court; and on being polled in open court each juror stated the verdict rendered was his verdict. If the order merely directing the jury to be brought into court during the absence of the defendant was erroneous, it was clearly harmless to the defendant.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.