CARROLL, DONALD K., Judge.
The appellant, who was convicted in 1958 of the felony of robbery, has appealed from an order entered by the Court of Record of Escambia County denying his motion to vacate his judgment and sentence alleging that he, while insolvent, was deprived of his constitutional right to counsel at his trial.
The validity vel non of said order, entered without a hearing on the motion, is the sole question before us in this appeal.
The rule recognized in the landmark case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and in countless federal and state court decisions promulgated since the said Gideon case was decided, is that every person charged in a state court with the commission of a felony and who is insolvent, has the constitutional right to the benefit of counsel at every critical stage in the criminal proceeding, unless he competently and intelligently waives that right.
In order to aid prisoners in custody under sentence of a Florida court claiming the right to be released upon the ground, among others, that the sentence was imposed in violation of the Constitution or laws of the United States or of this state, the Supreme Court of Florida on April 1, 1963, adopted Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, providing that such prisoners at any time “may move the court which imposed the sentence to vacate, set aside or correct the sentence.”
One of the key provisions of the said rule is the following:
“Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.”
Pursuant to the provisions of Criminal' Procedure Rule No. 1, the appellant on February 4, 1964, filed in the Court of Record a motion to vacate the information, judgment, and sentence, alleging as his grounds for such relief: That at the time of his trial he had no money or securities with which to hire counsel, yet the court deprived him of his constitutional right by trying him without counsel. That he did not “willingly and understandingly waive his right to counsel throughout the trial of said cause.”
In our opinion, the above allegations in the appellant’s motion to vacate sufficiently aver a prima facie case for post-conviction relief under Criminal Procedure Rule No. 1 and under the Gideon case, supra, and the innumerable federal and state court decisions following the Gideon doctrine.
Nevertheless, the Court of Record, evidently without holding a hearing on the appellant’s motion to vacate, on February 28, 1964, entered an order denying the said motion. In the said order the court recites that “having carefully considered the Motion, having examined the minutes of the Court together with Court files,” the court makes two findings: first, that “at no time was Movant without counsel”; and, second, that the “Movant was solvent at time of conviction.”
*472 We can find nothing in the transcript of the record on appeal that supports the court’s first finding. In fact, the record establishes the contrary conclusion. The entire record of the appellant’s arraignment, trial, and conviction is verbatim as follows:
“Now on this day came in person and without counsel, the defendant Leonard Eugene Horton into open court and after being duly arraigned, entered his plea of guilty to Robbery as charged in the information filed herein against him. Therefore you having plead guilty as charged, the Court adjudged you to be guilty of said offense as charged.
“Sentence deferred for pre-sentence investigation.”
Under the key provision of Criminal Procedure Rule No. 1 quoted above, the trial court was required to grant a prompt hearing on the motion, determine the issues and make findings of fact and conclusions of law with respect thereto — unless the motions and files and records conclusively show that the prisoner is entitled to no relief. Here the motion and record, as set forth above, conclusively show that the prisoner was without counsel at his arraignment, trial, and conviction.
The rule is established that these three stages in a criminal proceeding in Florida courts are “critical steps” during which an insolvent defendant has a constitutional right to the benefit of counsel, unless he competently and intelligently waives his right. While arraignment has not always been considered a “critical step” in this state, the question has been settled by the recent decision of the Supreme Court of Florida in the case of Sardinia v. State, opinion filed on November 12, 1964, Fla., 168 So.2d 674, holding that arraignment is now such a “critical step.”
In the said Sardinia case the question before the Supreme Court of Florida was “whether one charged with a felony in Florida is constitutionally entitled to the-assistance of counsel at his arraignment and, if so, whether the right was waivedi in the instant case.” Sardinia was informed against for a felony and a misdemeanor. He was arraigned in the lower-court and, without the assistance of counsel, he entered a plea of guilty. There-was no evidence of a waiver of counsel at this time. Three days later he was-brought on for trial. Pursuant to his plea, of guilty, he was convicted and sentenced. At the trial and sentencing Sardinia was. assisted by privately employed counsel who-appeared with him in court.
During the course of its opinion in the Sardinia case the Supreme Court adverted! to a 1933 decision, Ex Parte Jeffcoat, 109 Fla. 207, 146 So. 827, in which it had held’ that an arraignment was merely a formal preliminary step and not a critical stage-in a criminal prosecution. After discussing certain statutory and decisional developments that have taken place since 1933,. the Supreme Court held that “we are now led to conclude that when an accused is-arraigned on a felony charge, the cautious- and proper procedure would be to advise him of his right to the aid of counsel.”' The Supreme Court further said:
“We approve the practice recommended by this Court over fifty years, ago in Cutts v. State, 54 Fla. 21, 45 So. 491. It was there suggested that when one charged with a felony is presented for arraignment, the judge-should inquire as to whether he has. a lawyer to represent him. If he has. none, but wants one, and inquiry reveals that he is unable to employ one, he should be informed of his right to-state-appointed counsel, then, and at his trial. With such advice, the accused can make an intelligent election. All of this should be noted in the minutes against a possible post-conviction claim that the privilege of counsel was denied. Cutts v. State, supra; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. *473 357. The procedure recommended will • assure the accused of the protection to which he is entitled under the decisions which we have cited. It will serve •the public interest by preventing a ■possibility of expensive re-trials following successful post-conviction assaults on sentences. More importantly it will aid in promoting an orderly process of administering criminal justice.
“In Florida, because of the cited -provisions of Chapter 19554, supra, and "the decisions which we have mentioned, arraignment can become a critical ■step in the prosecution. This can result from subsequent action at the 'trial. See for example, Harris v. State, Fla., 162 So.2d 262. It is, therefore, important to surround the arraignment with adequate procedural ■safeguards, such as we have suggested, in order to forestall a fatal defect in the ultimate prosecution. Unless the right to counsel is intelligently ■waived at the arraignment or by subsequent action of the accused, a conviction grounded upon a guilty plea without the aid of counsel would be •constitutionally defective.”
In the Sardinia case, however, the Supreme Court pointed out that Sardinia appeared for trial with the aid of privately supplied counsel, and no request to withdraw his guilty plea was ever submitted, and no otherwise available defense was ■ever tendered. Consequently, the Supreme ■Court concluded that Sardinia with the aid of counsel reaffirmed the plea of guilty ■and thereby waived the lack of counsel at his arraignment, so that the “defect in the arraignment which could have been critical” was eliminated by the accused himself, through “his subsequent action and non-action with the assistance of his lawyer.”
In the present case, as stated above, the record conclusively shows that the appellant was without counsel throughout his arraignment and trial, and that there was no waiver of counsel. The record is devoid of any indication that he ever waived his right to counsel, much less that he ever competently and intelligently did so.
On the basis solely of the Supreme Court’s decision in the Sardinia case, supra, the order appealed from is reversible because of the incontrovertible fact that the appellant was arraigned and tried without the benefit of counsel, the right to which he never legally waived. In fairness to the trial court, however, we mention that the Sardinia decision was announced more than eight months after the entry of the order appealed from herein.
The record-on-appeal also shows that, after the appellant was arraigned, tried, and convicted on October 30, 1958, with sentence being “deferred for pre-sentence investigation,” the trial court, in the presence of the appellant and his attorney, a reputable member of the bar, sentenced the appellant to 15 years’ confinement in the State Prison; and that the said court on January 23, 1959, heard on appeal of the appellant through his said attorney for a reduction of the said sentence and reduced the sentence to ten years in the State Prison.
While the record thus shows that the appellant had the benefit of counsel in connection with his sentencing by the court, the “Gideon rule,” recognized universally in the federal and state courts, is that an indigent defendant, charged with a felony in a state court, is constitutionally entitled to the benefit of counsel at “every critical step” in the criminal proceeding; and here the record unequivocally shows that the appellant had no counsel and was offered none at three critical steps in the criminal proceeding against him — at his arraignment, trial, and conviction.
The second finding of the trial court in the order appealed from herein — that the appellant was “solvent at the time of conviction and sentence” — is not so readily disposed of, for the court expressly bases *474 the said second finding upon three papers not found in the transcript of the record on appeal filed herein.
The federal and state courts appear to agree that, under the Gideon doctrine, the constitutional entitlement of a defendant to the benefit of counsel at a critical step in the criminal proceeding against him, is contingent upon the said defendant’s being indigent or insolvent at the time of such critical step. See our discussion of this point in Savage v. State, Fla.App., 156 So. 2d 566 (1963).
In the order appealed from herein the trial court indicates that its finding that the appellant was solvent at the time of his conviction and sentence, is based upon the following papers: (a) a letter written by the appellant to the court, dated January 8, 1958, stating that at the time of the robbery he “had a good job” and “was on vacation from Charlotte, N. C. * * ” ; (b) a report concerning a presentence investigation conducted by the Florida Probation and Parole Commission, tendered to the court on November 26, 1958, stating that the appellant left North Carolina and came to Jacksonville, where he was working for his brother-in-law, who had bought a cafe, and that the appellant claims to have a half interest in the cafe; and (c) a report that, subsequent to conviction and while awaiting sentence and presentence investigation in the county jail, the appellant exhibited to a probation and parole supervisor “ * * * quite a roll of bills in his billfold * * * ” which money was explained by the appellant as representing winnings from gambling while in prison.
As we analyze the legal situation thus presented by the said finding of the apel-lant’s solvency “at time of conviction and sentence,” we think that the said finding is invalid as a basis for denying the appellant’s motion for post-conviction relief for any one of the following three reasons:
The first reason is that we do not think that the Supreme Court of Florida, in adopting the above-quoted provision in its Criminal Procedure Rule No. 1, contemplated that papers like the three papers described in the order appealed from would qualify as “the files and records of the case” upon which a court might base its-denial of a motion for post-conviction relief. In our jurisprudence there are no rights-more essential to a fair hearing or due process of law than the right to cross-examine witnesses and the right to present evidence in opposition to or in explanation of adverse evidence. Here the appellant has never had the opportunity to cross-examine the writers of the said reports, if indeed he has ever seen a copy of them nor has he had an opportunity to tell the court about the roll of bills, the nature and value of his interest in the cafe, etc. He also should be given an opportunity to-explain what he meant when he wrote in his letter of January 8, 1959, that he had a good job at the time of the robbery.
The second reason why we think that the finding of solvency in the said order is invalid is that, even if we were wrong concerning our first reason and if the three papers mentioned in the order were to be considered a part of “the files and records of the case” upon which to found a denial of the appellant’s motion,, we do not consider that the statements in-the said three papers have sufficient probative force to justify any reasonable inference — much less the required weight envisioned in the words “conclusively show” in the above-quoted provision of the rule —that the appellant, at any time at all,, was financially able to employ an attorney to defend him in the case. The words “a good job,” “half interest in the cafe,” and “quite a roll of bills” — without further elaboration or explanation — do not necessarily show a financial ability to employ an attorney to represent the appellant in a criminal case.
Our third reason for thinking that the said finding of solvency is invalid is *475 that, even if we are wrong in our first two reasons and if the said three papers were sufficient to support a finding of solvency at certain times, those papers are insufficient to support a finding of solvency •on the only important date — October 30, 1958 — the date of the appellant’s arraignment, trial, and conviction. In his motion the appellant alleges in effect that he was without funds and without the benefit of counsel at his arraignment, trial, and conviction on that date, and the record conclusively establishes that he was without counsel in the proceedings on that date. In the first paper the appellant wrote “at the time of the robbery I had a good job” —and the robbery took place on July 25, 1958, more than three months before his trial. In the second and third papers the statements reported were made after the appellant’s trial and do not necessarily reflect his financial condition on the date •of his trial.
From no legal perspective, then, could we uphold the trial court’s finding of the appellant’s solvency. As a matter of fact, that finding does not even purport to meet the vital issue raised in the appellant’s motion that he was without funds at the time of his arraignment, trial, and conviction, for the court’s finding was that the appellant “was solvent at time of conviction and sentence.” The appellant’s solvency at the time of the sentencing or resentencing was not, of course made an issue, for the appellant only claimed insolvency at the time of his arraignment, trial, and conviction on October 30, 1958.
Our conclusion therefore is that the court in the order appealed from erred in denying the appellant’s motion for post-conviction relief, and so that order must be, and it is, reversed and the cause remanded with instruction for further proceedings consistent with the views herein expressed and in accordance with the procedure set forth in Criminal Procedure Rule No. 1, including a full opportunity to the appellant or his attorney to present evidence at a hearing before the court in support of the allegations of the said motion.
Reversed and remanded with instructions.
STURGIS, C. J., and WIGGINTON, J., concur.