162 So.2d 262 (1964)
Eddie HARRIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 32025.
Supreme Court of Florida.
March 25, 1964.
*263 Charles F. Wilson, Pensacola, for appellant.
James W. Kynes, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
The appellant Harris seeks reversal of a verdict and judgment convicting him of the crime of rape with an ensuing sentence to electrocution.
We must consider an attack upon an alleged confession. Also questioned is the sufficiency of the evidence to support the verdict and the allowance of the testimony of a committing magistrate at the trial.
The appellant complains that an alleged confession was extracted from him after prolonged and protracted questioning. Chambers v. State, 123 Fla. 734, 167 So. 697.
On the day of his arrest the appellant was questioned intermittently from about 10:00 A.M. to 10:00 P.M. The accused was not presented before a committing magistrate prior to the execution of his confession. Sections 901.06 and 901.23, Florida Statutes, F.S.A. Our examination of the evidence leads us to conclude that this extrajudicial confession was freely and voluntarily given. When he made the confession the accused was in full possession of sufficient mental freedom to admit or deny participation in the crime under investigation. From all that appears, the accused made the confession freely and voluntarily without undue compulsion or fear. The failure of the law officers to take the appellant before a committing magistrate prior to obtaining the confession was not here fatal. Leach et al. v. State, Fla. 1961, 132 So.2d 329, cert. den., 368 U.S. 1005, 82 S.Ct. 636, 7 L.Ed.2d 543; Dawson v. State, Fla. 1962, 139 So.2d 408.
We have reviewed the evidence in detail as required by Section 924.32, Florida Statutes, F.S.A. Were it not for the fatal error which we hereafter elaborate, we would be inclined to affirm the conviction. In this regard we do not overlook the failure of the prosecutrix to complain of the crime of rape until almost two days after she had reported a crime of robbery, which was evidently the original objective of the appellant. This was not a fatal defect in the prosecution. McKee v. State, 159 Fla. 794, 33 So.2d 50; Doyle v. State, 39 Fla. 155, 22 So. 272. We have also *264 considered the testimony to support the appellant's alibi that he was not present when the crime was committed. All of these matters were for consideration by the jury and they rejected the appellant's position. We do not find that justice requires a new trial on these grounds.
Despite what we have said, we detect in this record a fatal error which precludes our affirmance of the judgment. We have been brought to this conclusion by two controlling decisions of the Supreme Court of the United States. In the face of these precedents we must hold that an affirmance of this conviction would be a denial of due process. It would also result in a long and expensive delay incident to appellate review by the United States Supreme Court. In the ultimate, such a review could lead only to the result which we here announce.
Harris signed a confession in duplicate around 10:00 P.M. April 30, 1962. On the morning of May 1, 1962, he was for the first time taken before a committing magistrate, County Judge Joseph I. Mathis. Sections 901.06 and 901.23, Florida Statutes, F.S.A., Judge Mathis was later called by the State to testify at the trial in the presence of the jury. He stated that he advised Harris of his constitutional rights. Section 902.01, Florida Statutes, F.S.A. The judge had all police officers leave his chambers. He thereupon had the accused read a copy of the confession in his presence. He testified that the man offered no objections to the confession and admitted "that it was true." At this preliminary hearing the committing magistrate made a notation on the back of the copy of the confession stating that it had been shown to the accused and admitted by him. The Judge added his own initials to authenticate this notation. This copy of the confession with the notations made by the Judge was admitted in evidence at the trial. When all of this transpired before the committing magistrate the accused was not represented by an attorney. This presents the critical point.
In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, the Supreme Court of the United States sustained a collateral assault on a death sentence where it was demonstrated that the accused had been arraigned without the assistance of counsel. The opinion turned on the proposition that under Alabama law an arraignment "is a critical stage in a criminal proceeding." It was pointed out that under the law of that state certain defenses must be announced at the arraignment or else be waived. The Supreme Court of Alabama denied error coram nobis. The Supreme Court of the United States reversed with a holding that "[o]nly the presence of counsel could have enabled" the accused to plead intelligently at his arraignment.
We interpolate that the presentation of an accused before a Florida magistrate under the cited statutes, does not constitute a critical step in the criminal prosecution as does an arraignment in Alabama. Ex parte Jeffcoat, 109 Fla. 207, 146 So. 827. Admitting this difference, however, we are confronted by the decision of the Supreme Court of the United States in White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193. In White, the accused was tried and sentenced to death. In the earlier stages of the proceeding he had been taken before a magistrate for a preliminary hearing. Without benefit of counsel he pleaded guilty and his plea was received by the magistrate. At the subsequent trial which resulted in his conviction the accused pleaded not guilty. At the trial, however, the judge permitted in evidence the fact that the man had pleaded guilty at the preliminary hearing when he was not represented by counsel. On certiorari the Supreme Court of the United States reversed. It held that regardless of the "normal function" of a preliminary hearing under Maryland law, it became critical when at the trial evidence of the plea of guilty was permitted. The rule of Hamilton v. Alabama, supra, was held to control because the guilty plea was accepted in the absence of *265 counsel and was converted into a critical aspect of the proceeding when evidence of the plea was placed before the jury. In the instant case, the accused objected to the introduction of the copy of the confession which he admitted before the county judge. While the grounds of his objection did not seem to reach squarely the point which we have made here, this failure does not preclude the necessity of examining the error upon review. By a footnote to the White decision it was observed that "[a]lthough petitioner did not object to the introduction of this evidence at the trial * * * the rationale of Hamilton v. Alabama, supra, does not rest * * * on the showing of prejudice." Here the accused actually objected to the testimony of the county judge, albeit, he did not specify the particular ground which we have noted.
The situation in the instant case is strongly analogous to, if not identical with, that which produced the decision in White v. Maryland, supra. There the magistrate received a plea of guilty in the absence of counsel and evidence of the plea was allowed at the trial. In the instant case the magistrate received a judicial confession in the absence of counsel, and actually one which had been given without the advice of counsel. Evidence of that confession was permitted at the subsequent trial. We find it difficult, if not impossible, to distinguish the impact of the plea of guilty in White and the judicial confession in the case at Bar. It has long been the rule that the assistance of counsel is an essential of due process at every critical stage of a criminal prosecution that can result in the death sentence. Section 909.21, Florida Statutes, F.S.A.; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.
We cannot disregard the controlling impact of the cited decisions. The judicial confession and the testimony of a highly regarded county judge might well have been persuasive, if not conclusive in the jury's acceptance of the credibility of the confession. Under the decisions, the allowance of this testimony compels a reversal. In fairness to the trial judge, we note that White v. Maryland, supra, had not been decided when this case was tried. We must, therefore, conclude that the conviction will have to be reversed and the cause remanded for a new trial at which time the objectionable evidence shall be excluded.
The judgment is reversed and the cause is remanded for a new trial.
It is so ordered.
THOMAS, Acting C.J., and ROBERTS, O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.