176 So.2d 331 (1965)
Joseph MONTGOMERY, Appellant,
v.
The STATE of Florida, Appellee.
No. 33461.
Supreme Court of Florida.
June 9, 1965.
Rehearing Denied July 8, 1965.
*333 Dwight E. Ogier, Jacksonville, for appellant.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
This cause is before the court on direct appeal from a verdict and judgment convicting the appellant of murder in the first degree without recommendation to mercy.
The appellant does not attack the sufficiency of the evidence to support his conviction. We have, however, examined the evidence to satisfy ourselves as to its sufficiency, Section 924.32, Florida Statutes, F.S.A., and have concluded that it abundantly supports the verdict of the jury and the judgment of the court.
The appellant questions the validity of his conviction on "due process" grounds based on the failure of the court to appoint counsel to assist him until after he was indicted, and the admission against him at the trial of an extra-judicial confession. The sequence of events and the pertinent facts are as follows:
Appellant was arrested without a warrant on the morning of December 19, 1962 in connection with the murder of one John David Tittle, a storekeeper. He was interrogated by police officers at the police station and admitted his complicity in the murder. He did not at that time, nor at the time of his preliminary hearing  held before noon of the day of his arrest and some two or three hours after he had made his incriminating statements to the police  request legal counsel. After he was indicted for murder, counsel was appointed to assist him in his defense. At his arraignment on February 20, 1963, at which time he plead "not guilty" to the charge made against him in the indictment, and at his trial on the issue of his guilt, he was ably represented by counsel. The State adduced proof of the voluntary nature of the appellant's confession before it was admitted in evidence against him at the trial; and the appellant does not here question the sufficiency of such proof. His contention is that, in addition to proving the voluntariness of the confession, the State must also show that at the time of the interrogation the accused was effectively advised of his right to remain silent and warned that, if he made a statement, it could be used against him at the trial.
In so contending, the appellant concedes that this is contrary to the rule, long followed in this state, that an extra-judicial confession, if freely and voluntarily made, is admissible in evidence at the trial even though the accused was not warned of his constitutional rights and that anything he said might be used against him. See McDonald v. State, 70 Fla. 250, 70 So. 24; Stoutamire v. State, 1938, 133 Fla. 757, 183 So. 316; Louette v. State, 1943, 152 Fla. 495, 12 So.2d 168; Leach v. State, Fla. 1961, 132 So.2d 329; Young v. State, Fla. 1962, 140 So.2d 97; and Harris v. State, Fla. 1964, 162 So.2d 262 (reversed on other grounds). The federal rule respecting the impact on the admissibility of an extra-judicial confession of an unreasonable delay in presenting one suspected of a crime to a committing magistrate  the so-called McNabb-Mallory rule, see McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479  was not intended to apply to state-court prosecutions as a "due process" requirement under the Fourteenth Amendment, see Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037, and has not been adopted in this state. See Young v. State, supra, 140 So.2d 97; Milton v. Cochran, Fla. 1962, 147 So.2d 137; Harris v. State, supra, 162 So.2d 262; and Romanello v. State, Fla.App. 1964, 160 So.2d 529. The appellant urges this court to adopt the federal rule; but here, as in Young v. State, supra, "no cogent *334 reason for receding from what has long been the rule in this state" has been advanced. As stated in the Young case
"After all is said, the test as to the verity of a confession is whether or not it was freely and voluntarily made. Did it come from the free will of the accused or was he compelled by unlawful means to make the confession?"
The appellant also contends that he was denied due process of law because he did not have the benefit of counsel until the time of his arraignment. This contention is likewise without merit.
The "due process" requirement imposed upon the states by the dual impact of the Fourteenth and Sixth Amendments to the federal constitution requires that an accused be assisted by counsel at every critical stage of a felony prosecution unless such assistance is properly waived. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. We need not discuss the question of whether an arraignment under our law, as it now exists (compare Ex Parte Jeffcoat, 1933, 109 Fla. 207, 146 So. 827, with our recent decision in Sardinia v. State, Fla. 1964, 168 So.2d 674) is "a critical stage" in all felony prosecutions in this state, since, as noted above, the appellant here had the assistance of counsel at his arraignment.
We think it is clear, however, that a preliminary hearing in this state is not, ordinarily, a critical stage insofar as the accused's right to legal counsel, as a "due process" requirement, is concerned. In this state, a preliminary hearing serves only to determine whether or not probable cause exists to hold a person for trial. Baugus v. State, Fla. 1962, 141 So.2d 264. A prosecution may be instituted and maintained regardless of whether such a hearing is or is not held, and regardless of whether probable cause to hold the accused for trial is or is not found. See Baugus v. State, supra; Di Bona v. State, Fla.App., 1960, 121 So.2d 192; and Davis v. State, Fla. 1963, 65 So.2d 307.
Not being an essential step in a criminal proceeding in this state, it is, a fortiori, not "a critical stage"  although events that occur there may be of such a nature that the lack of counsel may result in a denial of due process of law. See Harris v. State, supra, 162 So.2d 262, citing White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.
Here, the preliminary examination of the appellant was of a routine nature, and nothing transpired to transform it into a "critical stage" in the proceedings. Accordingly, no denial of due process in this respect has been made to appear
We have also considered the question of whether the appellant was denied "due process" of law when he was interrogated by police officers immediately after his arrest without being "effectively" warned of his right to remain silent or that his statements might be used against him, and in the absence of legal counsel.
The mandate of the Sixth Amendment of the federal constitution, as made obligatory upon the states by the Fourteenth Amendment, Gideon v. Wainwright, supra, guarantees to an accused person the right to legal counsel "in all criminal prosecutions." Before a suspect has been formally charged with a crime  while the investigative processes are still going on  there is no "criminal prosecution" to which this constitutional guaranty can attach. And the mandate of the Fifth Amendment to the federal constitution and Section 12 of the Declaration of Rights, F.S.A. of the Florida Constitution is that a person shall not be "compelled in any criminal case to be a witness against himself"  which mandate is, under our well settled rule, satisfied by proof that an extrajudicial confession was freely and voluntarily made, as noted above. Accordingly, it must be held that the appellant's contention in this respect is likewise without merit.
*335 In so holding we have not overlooked the decision of the United States Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. In that case it was held, in a five-to-four decision, that the accused was denied due process of law when police officers refused to allow him to see his attorney during his interrogation by police, even though his attorney had been called by a relative and was in the building and attempting to consult with the accused (and did, in fact, see him through an open door and motioned to him to keep silent), and where it appeared that the police denied him access to his attorney and questioned him in order to force him to make a statement corroborating the evidence they already had concerning his guilt. A majority of the court held, by what seems to be a kind of judicial legerdemain, that the accused's incriminating statements made in these circumstances  even though proved to have been made voluntarily, without force, threats or inducements  were rendered inadmissible by the refusal of the police to allow Escobedo to consult with his attorney; that this constituted a denial of "due process" of law under the Fourteenth Amendment, requiring a reversal of a state court judgment of conviction which had been affirmed by the court of last resort of the state.
The facts in the instant case are different. The appellant made no request that counsel be appointed to assist him, either before or at the time of his confession; nor is it claimed that he was unaware of his right to remain silent. In view of the fact that the majority opinion in Escobedo v. State of Illinois, supra, noted several times that due process was denied "under the facts of this case", or similar language, we do not conceive that it intended to overrule its previous decisions holding extra-judicial confessions admissible in a proper case even though the accused did not have the benefit of counsel at the time, see Cicenia v. Lagay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523, and Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448. We hold, therefore, that, since the circumstances here are distinguishable from those in Escobedo, the decision in that case is not controlling. Recent decisions of state courts in other jurisdictions are in accord with our view of the matter. See State v. Scanlon, 1964, 84 N.J. Super. 427, 202 A.2d 448; State v. Vigliano, 1964, 43 N.J. 44, 202 A.2d 657; Sturgis v. State, 1964, 235 Md. 343, 201 A.2d 681; Bichell v. State, 1964, 235 Md. 395, 201 A.2d 800; Mefford v. State, 1964, 235 Md. 497, 201 A.2d 824.
For the reasons stated, the judgment here reviewed should be and it is hereby
Affirmed.
DREW, C.J., and THOMAS, THORNAL, O'CONNELL, CALDWELL and ERVIN, JJ., concur.