JOHNSON, Judge.
This is an appeal from an order of the Circuit Court, Union County, Florida, denying motion to vacate judgment of conviction and sentence.
The appellant was one of five occupants of a cell at the state prison when on the evening of October 2, 1960, Albury, one of the inmates and cell mates with appellant, was strangled to death in his cell. Within a few hours thereafter, the appellant and the other cell mates were questioned by the sheriff of Union County and the assistant superintendent of the prison. The appellant volunteered the statement that he “grasped Albury by the throat then ‘blacked out’ and when he regained con-ciousness Albury was dead.” This statement was reduced to writing and signed by appellant;
Subsequent thereto, on October 12, 1960, the appellant was taken before the county judge of Union County, who advised the appellant that he had the right not to make a statement and also advised him of his right to counsel, as well as his right to a preliminary hearing. The preliminary hearing was waived by the appellant. Later, at the trial, appellant did not deny that the county judge had advised him of his constitutional rights but said he did not remember what the judge said.
About two weeks after the homicide, appellant told an employee of the prison *209 that he desired a certain lawyer to represent him, and was informed he would he furnished counsel at the arraignment.
December 7, 1960, the appellant, at his own request, made a confession in his own handwriting before the same employee of the prison and the assistant superintendent of the prison. No request for counsel was made at that time, and at the subsequent trial when appellant was represented by counsel, the defendant made no issue as to the lack of counsel before or at the time said confession was made.
The file before this court, neither in circuit court’s order, the defendant’s motion to vacate, nor brief of counsel for either party, shows just when the case was tried.
The appellant made a motion to vacate judgment and sentence “heretofore entered against him”, without positively identifying which judgment or sentence, because he was already serving a sentence for something, but from the general language of the motion and the court’s order denying the same, it can be inferred that the judgment desired to be vacated was the one entered apparently in the latter part of 1960, after the homicide of the cell mate of the appellant. Primary ground of the motion was failure to have counsel present at all times when interrogated.
The trial court in its order denying the motion to vacate, related in detail the trial proceedings as a preface to its order. The judge pointed out that the confessions of October 2 and December 7 were introduced in evidence after a hearing in the absence of the jury and a determination by the court that the confessions had been voluntarily made by the defendant, appellant. Further after the confessions were before the jury, the court gave the instruction that if the jury did not think they were freely and voluntarily made, to reject the same. The appellant was represented by a lawyer of his own choosing and employment at the time of arraignment and throughout all subsequent proceedings of tne trial. No point was raised about the defendant not having counsel before or at the time of the confessions or that defendant was not properly warned of his right to counsel before making the statement of October 2, 1960.
It is apparent that the trial court gave careful consideration to the admissibility of the confessions, in the absence of the jury, before permitting the same to be read to the jury, and made the determination that they were freely and voluntarily made, and took the extra precaution of admonishing the jury to reject the confessions if they thought the confessions were not freely and voluntarily made.
After relating the proceedings leading up to and including the trial, the court denied the motion to vacate, February 3, 1965.
It is from this order the appeal is made.
Counsel appointed to represent appellant in his appeal filed a very comprehensive brief in support of the appellant’s contention, and while the authorities cited by appellant constitute good law when applied to the facts of the respective cases, he has not been able to overcome the dictates of the Florida Supreme Court as laid down in the very recent case of Montgomery v. State, 176 So.2d 331, decided June 9, 1965, wherein there is an exhaustive review and declaration of both Federal and Florida holdings and application of the constitutional guarantee of the 6th amendment and the 14th amendment as further defined by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
We reiterate the principle of law laid down above, as applicable to the facts of this case. At no critical time in the proceedings, was the defendant without counsel of his own selection. There were no unusual circumstances surrounding the statements or confessions of the defendant that would render such times as “critical” to the extent that it would be error to be without counsel, as the requirement is enunciated in White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. *210 2d 193, and Harris v. State, Fla.1964, 162 So.2d 262.
There is a very thin line of demarcation between the facts in White v. State of Maryland, supra, Harris v. State, supra, and Montgomery v. State, supra, as well as between the facts in the instant case and the three cases cited supra. It requires a careful study of the facts and findings of the trial court in each of the cited cases in order to distinguish between them and reconcile the opposing rationale enunciated by the same court in the cases of Harris v. State, supra, and Montgomery v. State, supra, but we believe the facts in the instant case contain an important and salient difference that makes it easy and reasonable to adopt the end decision of the Montgomery v. State case as applicable here and that is the fact, as pointed out by the trial court in its order denying the motion to vacate the judgment and sentence, that at the trial, where the defendant was represented by counsel, in the absence of the jury, the defendant testified that the statement or confession made by him on October 2, 1960, was true. Regardless of his previous statement made without counsel, he reiterates the same confession, with the advice of his counsel at his disposal, and at a time when he could have denied it or objected to its introduction because made without benefit of counsel. This removes this case from the dictates of Harris v. State, supra, and brings us clearly within Montgomery v. State, supra, although not for the same reason. Whether the lack of counsel or proper admonition as to his constitutional rights affected his confessions of October 2, and December 7, 1960, became unimportant in view of the defendant again making such voluntary confession at the trial in the presence of his counsel and the trial court, in the absence of the jury, so that the trial court could properly determine that same was voluntary and freely given.
For the reasons stated, the judgment here reviewed should be and is hereby affirmed.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.