179 So.2d 377 (1965)
William Marrett ROLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 6205.
District Court of Appeal of Florida. Second District.
October 15, 1965.
Rehearing Denied November 10, 1965.
*378 Irwin J. Block, Miami, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
ANDREWS, Judge.
Defendant William Marrett Rollins appeals denial of post-conviction relief.
William Marrett Rollins, together with Michael Nelson and Donald Gene Walker, all negroes, were indicted for, plead not guilty to, and were thereafter jointly tried and convicted by one jury of first degree murder. By its verdict the jury recommended Nelson and Walker to the mercy of the court, but made no such recommendation as to Rollins.
The judgment of conviction was appealed, and the Supreme Court affirmed. Rollins v. State, Fla. 1963, 148 So.2d 274.
The Supreme Court in the consideration of said appeal considered the questions as to the propriety of overruling a challenge for cause directed to a venireman, and the denial by a trial court of a motion for severance. These issues are not presented on this appeal. The Supreme Court, as is required by § 924.32(2), F.S.A., in the interest of justice reviewed the evidence, and determined that the record contained no reversible error.
Upon the filing of the petition for post-conviction relief, the trial court granted a hearing at which the defendant was represented by counsel and was present in person.
This appeal presents five questions for review.
The first question for consideration is an allegation that the defendant was tried in a segregated courtroom. The record discloses that the courtroom in which the trial was conducted had a balcony, which by custom was occupied by negroes observing a trial, and the main floor was customarily occupied by others. There was no showing that anyone had required or directed persons to sit in a particular section while observing a trial in progress. There was no conclusive testimony as to whether such custom was observed at this particular trial. Attempt without success was made to show that the mother of the defendant was required to sit in the balcony.
The defendant attempts to bring this situation within the rule established in Johnson v. Virginia, 1963, 373 U.S. 61, 83 S.Ct. 1953, 10 L.Ed. 195, which reversed the conviction of a negro for refusing to sit in the designated colored section of a courtroom. Defendant also attempts to rely on Eubanks v. Louisiana, 1958, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991, which reversed the conviction of a negro on the basis of discrimination in the selection of a grand jury. The factual situation is not comparable, and such case would not apply to the situation before the court here. The record here fails to show that the courtroom in which the defendant was tried was segregated. Accordingly, we hold that the defendant's contention in this regard is without merit.
The second point raised by the defendant is the fact that at the beginning of *379 the trial he and the two other defendants were brought to the courtroom handcuffed together. It appears that for a brief moment, the defendant entered the courtroom and could have been observed by the veniremen handcuffed to his co-defendants. The deputy sheriff in charged immediately caused the defendants to return to the anteroom where he took off the handcuffs, and the defendants entered the courtroom in custody of the deputy sheriff free of any handcuffs. In McCoy v. State, Fla.App. 1965, 175 So.2d 588, this court held that the fact that members of the jury may have seen the defendants handcuffed together in a courtroom corridor while being escorted to the courtroom apparently was an incident of momentary inadvertence. This case also pointed out that it is common knowledge that bail is unobtainable as a matter of right in all capital cases, and that a sheriff has a right to take such steps as he deems necessary to require the attendance of an accused at his trial. Under the circumstances before the court here, such incident does not form the basis for a new trial.
The next question for consideration is the fact that the magistrate before whom the defendant pleaded guilty was permitted to testify as to such fact. It has long been the rule in the Federal courts construing motions filed under 28 U.S.C.A. § 2255 that questions concerning an alleged involuntary, or inadmissible confession can only be raised on direct appeal from judgment and sentence, and cannot properly be raised in collateral attack. Florida Courts have followed this rule in construing Criminal Procedure Rule One, F.S.A. ch. 924 Appendix, Dickens v. State, Fla.App. 1964, 165 So.2d 811. We, therefore, conclude that defendant could not properly raise this allegation in a collateral attack on his judgment and sentence.
Notwithstanding the propriety of the allegation, neither White v. Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, nor Harris v. State, Fla. 1964, 162 So.2d 262, dictates that appellant's rights were prejudiced during his trial. Each of these cases was a direct continuation of the criminal proceedings against the respective appellants. This fact alone distinguishes the instant cause from the aforenamed decisions.
In both White and Harris, supra, the accuseds' recognitions of guilt, made without the assistance of counsel, were allowed to go before the jury with trial court approval. Such is not the case here. Defendant's trial counsel originally announced that he had no objection to the proffer of the committing magistrate's testimony to the fact that the defendant had pleaded guilty at the preliminary hearing. When counsel changed this position and announced his objection to the magistrate's testimony, the trial judge admonished the jury that such testimony should not be considered by them in arriving at their verdict. This admonition removes the case at bar from the situations presented in White and Harris, supra.
Defendant next complains that the trial court denied him due process of law by failing to "affirmatively" determine that his confession was freely and voluntarily made prior to allowing same to be introduced into evidence.
During defendant's trial, the sheriff and a deputy sheriff testified that defendant and his two co-defendants each made extra-judicial confessions, without threats, coercion, or hope of reward. The circumstances surrounding the giving of these statements were related outside the presence of the jury, and the sheriff and deputy sheriff were cross-examined by defendant's trial counsel. The trial judge admitted all three statements into evidence, after appellant's counsel announced that he had no objection thereto.
Fourth, the defendant alleges that his confession was not freely and voluntarily made. The record shows contrary testimony by the officers taking same. By reception *380 of the statements into evidence, the trial judge clearly ruled that such statements were freely and voluntarily made. The case of Jackson v. Denno, 1963, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, is not controlling. The accused's conviction was reversed in Jackson because the "New York" rule of procedure regarding admissibility of confessions (i.e., where a conflict exists as to the voluntary nature of the confession, the judge must receive the confession into evidence and leave the question of its voluntariness, as well as reliability, to the jury) was found to be a violation of due process. However, Florida has adopted the rule whereby the trial judge hears all of the evidence surrounding the elicitation of the confession, rules on the confession for purposes of admissibility (i.e., voluntary nature), then leaves to the jury the question of voluntariness as affecting the weight or credibility of the confession. Leach v. State, Fla. 1961, 132 So.2d 329 (333 and 334). In the instant case the trial judge, by admitting the confession into evidence, determined that same was freely and voluntarily given.
Lastly, the defendant alleges that the judge should have made findings of fact and conclusions of law with respect to appellant's motion. The trial court in its order stated that no useful purpose could be served by its making findings of fact and conclusions of law in that there exists no real controversy concerning the matters properly before the court.
It is true that Florida Criminal Procedure Rule One, Chapter 924, F.S.A., (1963), Appendix, provides that a court shall grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. These two requirements are in the conjunctive, and would indicate that if a hearing is granted that findings of fact and conclusions of law should be filed by the court. However, this paragraph of the rule is qualified in its first clause in providing that unless the motion, files and record conclusively show that the prisoner is entitled to no relief the court shall cause such hearing to be held. To date there are no holdings on this particular wording of the Florida Rule in this State.
However, this question has been before the federal courts in an interpretation of 28 U.S.C.A. § 2255. In Marshall v. U.S., 9 Cir.1954, 217 F.2d 467, 469, denial of relief was held to be proper without findings of fact and conclusions of law when the court found that the defendants were conclusively shown from the matters before the court that they were entitled to no relief.
Affirmed.
ALLEN, C.J., and SMITH, J., concur.