WALDEN, Judge.
We treat this as an appeal from an order denying a motion to vacate judgment and sentence filed pursuant to Criminal Procedure Rule One, F.S.A. ch. 924 Appendix, Williams v. State, Fla.1965, 178 So.2d 586.
Edward Williams, appellant, was tried by jury and convicted of murder in the first degree without recommendation of mercy. A death sentence was imposed and no appeal was taken from this judgment. The time for appeal having long- since expired, Williams seeks via the instant procedure to collaterally attack his judgment of conviction.
Two problems present themselves. First, was error committed during the course of his trial? Second, if errors do appear, has there been such a denial or infringe *526 ment of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack through Criminal Procedure Rule One?
The jury having retired to consider its verdict, it interrupted its deliberation and returned to the courtroom and asked, “If the case of a verdict of murder with mercy, recommende[d], does that make the defendant able to be paroled or can it be— is it permanent?” The court answered, “Under the law of the State of Florida, any person imprisoned in the State Prison for life or for a term of years, 'is eligible for parole.” This answer by the court was harmful error. Burnette v. State, Fla.1963, 157 So.2d 65 (decided subsequent to the trial in question). While this colloquy would form a proper basis for reversal on direct appeal, it is not a sufficient basis for relief under Criminal Procedure Rule One.
The defendant was granted a preliminary hearing before a justice of the peace. Defendant unattended by counsel, entered a plea of guilty and stated, “I am guilty, I did it.” The justice of the peace testified at trial and, over the defendant’s objection, repeated the defendant’s statement. Defendant did not testify or offer evidence.
The assistance of counsel is an essential of due process at every critical stage of a criminal prosecution that can result in the death sentence. Here the preliminary hearing was rendered a critical stage when at trial evidence of the judicial confession was permitted. Thus, it was error to permit defendant’s judicial confession into evidence and this is true despite the fact that the defendant tendered his plea and “confession” at the preliminary hearing after having been advised of his constitutional rights. Harris v. State, Fla.1964, 162 So.2d 262 (decided subsequent to the trial in question). In this connection, see also decisions of the United States Supreme Court in Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; and White v. State of Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, referred to as controlling by our supreme court in the Harris case.
Is this matter of sufficient import as to be reachable by Rule One ? In Harris v. State, supra, a case not distinguishable from this, except that it is a direct appeal, the pronouncement is found that such procedure constitutes a denial of due process of law. We say then that the error is equally subject to collateral attack by Criminal Procedure Rule One.
Reversed and remanded.
SMITH, C. J., and KANNER (Ret.), Associate Judge, concur.