RAWLS, Chief Judge.
Epperly has appealed from an order denying his motion to vacate judgment and •sentence.
Appellant and three others were tried for the murder of their cell mate, Kenneth Al-bury, who was killed during a sojourn in the Flat Top in Raiford. Some of the facts involved in the case, though not pertinent to this appeal, are reported in McLain v. State[1] wherein this court disposed of an •appeal by one of Epperly’s codefendants.
Appellant’s motion to vacate alleges that his confession was improperly introduced in evidence because “ * * * during the five week period preceding the date of the alleged confession * * * he was held completely incommunicado and under extreme duress and infamous punishment and * * * he repeatedly asked for and was denied the assistance of counsel.” This motion was denied on the grounds that the doctrine in Escobedo v. State of Illinois [2] has no retroactive effect under the Florida law and that the voluntariness of the confession was first determined by the court and later passed upon by the jury under appropriate instruction. The record on appeal contains that testimony taken outside the presence of the jury concerning the voluntariness and admissibility of the confession.
Appellant’s primary point questions the admissibility of his confession since it was given at a time when he did not have counsel. He relies upon Escobedo v. State of Illinois, supra, and Harris v. State.[3] We find that the motion to vacate failed to allege sufficient facts to bring this case within either Escobedo or the Harris decisions.
In August, 1960 while being transported to the Florida State Prison at Raiford, Epperly attempted to escape and committed an assault during that attempt. Upon arriving at Raiford he was placed in what is known as the Flat Top. A riot occurred in his cell, and he was moved to another. Eleven days later on November 2, 1960 cell mate Albury was killed. Epperly contends that he asked for a lawyer on several occasions from November 2 until November 8, but his requests were denied. He remained in the Flat Top, and on November 8 at his request he was taken to see Robert Williams, a prison employee. There in his own handwriting.Epperly wrote a statement of the facts surrounding the death of Albury. *533 This statement was written on paper on which Williams had typed the following warning:
“I, Dallas Epperly, make the following statement of my own free will. I have not been promised any reward or given any special privileges. I realize that anything I say may be used against me.”
Later Epperly and two of his codefend-ants read their statements aloud to each other. None of them requested permission to make any corrections. On February 2 at the prison Epperly told the State Attorney, Assistant State Attorney, the sheriff and a court reporter that his statement contained the true facts, that it was given freely without offer or hope of reward or leniency and he had received no threat or mistreatment.
In summary this is a collateral attack, questioning the admissibility of evidence on the grounds that his confession is inadmissible since it was given prior to the time that Appellant either employed an attorney or one was appointed for him.
White v. State of Maryland,[4] a direct appeal in a capital case, involved a defendant who, without assistance of counsel, pleaded guilty at his preliminary hearing, but after obtaining counsel he changed his plea to “not guilty” and “not guilty by reason of insanity.” The United States Supreme Court held that it was error to allow the prosecution to introduce at defendant’s trial, evidence of his plea of guilty as a confession because that defendant did not know the defenses available to him and he could not plead intelligently without advice of counsel. The Florida Supreme Court in Harris was confronted with a direct appeal in a capital case involving a judicial confession given before the committing magistrate. Although the exact content of this confession was not reported, it apparently was a confession of all the elements of the crime because the Supreme Court stated:
“We find it difficult, if not impossible, to distinguish the impact of the plea of guilty in White and the judicial confession in the case at Bar. It has long been the rule that the assistance of counsel is an essential of due process at every critical stage of a criminal prosecution that can result in the death sentence.”
There is is no showing that the statement here involved was anything more than a factual recital of the events surrounding the death of Albury. There is no indication that this statement is equivalent to a plea of guilty. However, the determinative factor here is that this is an extrajudicial confession and for that reason is not controlled by the White and Harris decisions. This confession was properly tested by the applicable rules for voluntariness.
Since Epperly’s trial was held in May, 1961 and the Escobedo decision was entered in June, 1964, the trial judge was correct in following those cases which have held that Escobedo had no retroactive application in Florida.[5]
The order appealed is affirmed.
JOHNSON and SACK, JJ., concur.

. McLain v. State, 178 So.2d 208 (Fla.App. 1st, 1965).

. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

. Harris v. State, 162 So.2d 262 (Fla.1964).

. White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

. Bell v. State, 175 So.2d 80 (Fla.App. 3d, 1965) and Montgomery v. State, 176 So.2d 331 (Fla.1965).