LILES, Judge.
Appellant filed a motion to vacate his judgment and sentence pursuant to Criminal Procedure Rule No. 1, Ch. 924, F.S.A., Appendix. The trial court, after a hearing on the motion, denied the relief. This appeal followed.
The Tampa, Florida Police in the early morning hours of May 24, 1957 apprehended the appellant, an illiterate Negro, •and charged him with “sleeping on the street and he also fit a description that we liad on a B and E. * * * ” He was questioned at great lengths regarding the alleged breaking and entering, but the interrogation later turned to the rape of a white woman which had recently occurred in the City of Tampa.
While lodged in jail, appellant was given a lie detector test, placed in a “line-up” and taken to the scene of the alleged rape. He was also subjected to a “voice identification” test where the victim of the alleged rape identified appellant’s voice as that of her assailant. Appellant was the only ■suspect who participated in the voice test, .and his voice was the only one heard by -the prosecutrix. Then, on May 29, 1957, he was taken before Judge Grayson of the Criminal Court of Hillsborough County and there arraigned on a breaking and entering charge.
All of the above described actions, including the appearance before Judge Gray-son, occurred while appellant was without aid of counsel. While before Judge Gray-son and following questioning by an assist.ant county solicitor, he confessed to the •crime of rape. He then was charged with rape, and counsel was appointed to repre■sent him.
At his trial the proceedings before the ■Criminal Court were read to the jury. That record indicated that appellant was warned prior to giving the confession that anything he said might be used against him and that :his statement was made freely and voluntarily. In fact, Judge Grayson also testified that the appellant’s statement was made freely and voluntarily. At the conclusion -of the trial, appellant was found guilty .with the recommendation of mercy and sentenced to life imprisonment. No direct appeal was taken from this judgment and sentence.
It would appear that the case of Harris v. State, 162 So.2d 262 (Fla.1964), is controlling, and it is upon this decision that we reverse. In that case the defendant was charged with rape and had signed a confession. The committing magistrate made a notation on the back of the copy of the confession which stated that the confession had been shown to the accused and was admitted by him. The committing magistrate later testified at the defendant’s trial to the fact that he had advised the defendant of his constitutional rights; that he had the defendant read the copy of the confession; that defendant offered no objection to the confession and that defendant admitted it was true. Then the copy which was initialed by the committing magistrate was admitted into evidence. The defendant was without counsel during all of this.
The Supreme Court of Florida reversed the judgment and remanded the case for a new trial, relying upon Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) ; and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). Those cases in effect said that the assistance of counsel is necessary at every “critical stage” of a criminal proceeding which can result in the death sentence. Our Florida Supreme Court went on to say that a preliminary hearing is not per se a critical stage which would require counsel, but it may become so when a plea of guilty or a judicial confession is made at such preliminary hearing. Such was the case here. The Court said:
“The situation in the instant case is strongly analogous to, if not identical with, that which produced the decision *280 in White v. State of Maryland, supra. There the magistrate received a plea of guilty in the absence of counsel and evidence of the plea was allowed at the trial. In the instant case the magistrate received a judicial confession in the absence of counsel, and actually one which had been given without the advice of counsel. Evidence of that confession was permitted at the subsequent trial. We find it difficult, if not impossible, to distinguish the impact of the plea of guilty in White and the judicial confession in the case at Bar. It has long been the rule that the assistance of counsel is an essential of due process at every critical stage of a criminal prosecution that can result in the death sentence. Section 909.21, Florida Statutes, F.S.A.; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.
“We cannot disregard the controlling impact of the cited decisions. The judicial confession and the testimony of a highly regarded county judge might well have been persuasive, if not conclusive in the jury’s acceptance of the credibility of the confession. Under the decisions, the allowance of this testimony compels a reversal. * * * ” Harris v. State, 162 So.2d at 265.
In the Harris case the decision followed a direct appeal. In the instant case there was no direct appeal. In Rollins v. State, 179 So.2d 377 (D.C.A.Fla.1965), defendant appealed the denial of his motion to vacate his judgment and sentence filed pursuant to Criminal Procedure Rule No. 1. In the Rollins case the defendant had been tried and convicted of first degree murder. In his petition he contended that the trial court erred in permitting the magistrate before whom he had pleaded guilty to testify to that fact. This court observed that questions concerning an alleged involuntary or inadmissible confession can only be raised on direct appeal and not by collateral attack under Rule No. 1 procedure. In distinguishing Harris v. State, supra, and White v. State of Maryland, supra, we observed that:
“In both White and Harris, supra, the accuseds’ recognitions of guilt, made without the assistance of counsel, were allowed to go before the jury with trial court approval. Such is not the case here. Defendant’s trial counsel originally announced that he had no objection to the proffer of the committing magistrate’s testimony to the fact that the defendant had pleaded guilty at the preliminary hearing. When counsel changed this position and announced his objection to the magistrate’s testimony, the trial judge admonished the jury that such testimony should not he considered by them in arriving at their verdict. This admonition removes the case at bar from the situations presented in White and Harris, supra.” (Emphasis added.) 179 So.2d at 379.
Then followed Williams v. State, 184 So.2d 525 (D.C.A.Fla.1966), which involved an appeal from an order denying a motion to vacate judgment and sentence. In the Williams case, supra, the defendant was tried and convicted of murder after having plead guilty, without counsel, before a justice of the peace at preliminary hearing who subsequently testified to that fact at defendant’s trial. The court said “ * * * it was error to permit defendant’s judicial confession into evidence and this is true despite the fact that the defendant tendered his plea and ‘confession’ at the preliminary hearing after having been advised of his constitutional rights. * * * ” The court also pointed out that in Harris v. State, supra, the Supreme Court of Florida held that such procedure constitutes a denial of due process of law.
The factual situation in Williams is almost identical to that of the instant case, and we elect to follow the holding of that case as well as the decision in Harris v. State. Rollins v. State, supra, is clearly distinguishable from this case. Rollins involved the voluntary or involuntary na *281 ture of the appellant’s confession. The instant case does not involve that question 'hut concerns the fact that defendant made a judicial confession without the aid or ■advice -of counsel to a crime for which he -could have been sentenced to death. The ■proceeding at which defendant made his -admission was rendered critical by that fact Just how critical can best be demonstrated by the fact that the prosecutrix ■could not identify her alleged assailant 'by sight.
In all fairness, it should further be ■pointed out that defendant’s petition under Criminal Procedure Rule No. 1 was heard -and determined prior to the announcement •of the decision in Williams v. State, supra.
For the foregoing reasons, the order of the trial judge denying appellant’s motion to vacate sentence is reversed and the ■cause is remanded for further proceedings •not inconsistent with this opinion, including .a new trial.
ALLEN, C. J., and SHANNON, J., ■concur.