O’CONNELL, Justice.
Petitioner and two others were convicted after jury trial of first degree murder. The jury recommended mercy for the others, but not for petitioner. This court affirmed the convictions on appeal. 148 So. 2d 274.
Petitioner’s subsequent motion for post-conviction relief under Criminal Procedure Rule No. One, F.S.A. ch. 924 Appendix, relied on the ground, inter alia, that the magistrate before whom the defendant had pleaded guilty, at a time when he was not represented by counsel and had not been informed of his right to have counsel provided at the expense of the state, had been permitted to testify at the trial concerning petitioner’s plea of guilty. The trial court denied the motion after hearing, and the District Court of Appeal, Second' District affirmed. 179 So.2d 377.
Although it went on to discuss the merits-of this question, the district court held-that it was of such nature that it could-not be raised on a collateral attack on petitioner’s judgment and sentence. It was this holding that provided jurisdictional-conflict with the decision of the District Court of Appeal, Third District, in Burse v. State, Fla.App.1965, 175 So.2d 586. Ira the latter case, it was held that a prosecutor’s comment on a defendant’s failure to testify amounted to such a denial of fair trial as to render the judgment of conviction susceptible to collateral attack. If the latter question can be reached collaterally, surely the one involved here can also.
On the merits, this case appears to be largely controlled by our decision in Harris v. State, Fla.1964, 162 So.2d 262, in which we held that the admission of testimony by the committing magistrate as to. the accused’s judicial admission, without benefit of counsel, of the truthfulness of an extra-judicial confession required reversal of the conviction. Here, the testimony of the committing magistrate related' to the defendant’s plea of guilty in the proceedings before him, which is substantially the same thing.
Whether the crucial point herein: is considered as a matter of evidence or of denial of counsel, Harris v. State, supra, and White v. State of Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, the question necessarily arises whether the-defect was waived. In the Harris case, supra, we held, on the authority of a footnote to the opinion in White v. State of Maryland, supra, that the error involved both there and here was so fundamental that it need not be preserved by formal objection at the trial. This is not to say,, however, that such an error cannot be waived. Therefore, it is necessary that we-examine the relevant portion of the tram- *249 script herein to determine whether there was an adequate waiver.
The record shows that after the committing magistrate had taken the stand and had been asked his name by the prosecutor, counsel for a co-defendant of this petitioner interposed the following:
“Mr. Manley: On behalf of the defendant I represent we waive qualifying him and we admit his qualifications as a judge and that he was duly elected as a Committing Magistrate and so forth.”
Thereupon, counsel for the petitioner is recorded as saying, “Defendant Rollins likewise waives that.” On cross examination, counsel for the petitioner asked the single question, “Did I understand you to say, sir, that he pled guilty?” The answer was affirmative.
Although the quoted statements and question by petitioner’s counsel certainly imply waiver of the apparently erroneous admission of the testimony of the committing magistrate to a greater extent than would mere failure to object, we believe it falls short of what is required under our decision in the Harris case, supra, and our reading therein of the footnote in White v. State of Maryland, supra.
We understand those cases to hold that waiver of such a fundamental error may not be implied but must be knowingly expressed. The court below observed that “defendant’s trial counsel originally announced that he had no objection to the fact that the defendant had pleaded guilty at the preliminary hearing.” However, we believe this was a misreading of what petitioner’s counsel was recorded as having said. Actually, it is evident that he waived no more than the need of establishing the qualifications of the testifying judge. Concerning the testimony itself, he did little more than merely fail to object. We hold that this was not a sufficient showing of waiver to cure the defect.
Therefore, the writ is granted, the decision of the district court is quashed, the cause is returned with directions to remand for a new trial.
ROBERTS, DREW and SEBRING (Retired), JJ., concur.
THORNAL, C. J., dissents with Opinion.