208 So.2d 145 (1968)
John B. HOSKINS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 67-179, 67-180.
District Court of Appeal of Florida. Third District.
March 12, 1968.
*146 Engel & Pollack and Jack J. Taffer, Miami, for appellant.
Earl Faircloth, Atty. Gen. and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
Appellant seeks reversal of his conviction and sentence after a jury verdict, for the crime of rape.
He claims reversible error was committed by the trial court in not suppressing an oral statement made after his arrest to a police officer. We find no error in this regard. See Narro v. United States, 370 F.2d 329 (5th Cir.1966).
He further argues that his arrest was illegal and that the trial court should have suppressed from evidence a beige hose stocking found on him when he was searched.
The record shows that the officer initially informed the appellant that the arrest was "for prowling". The record reflects there was probable cause for an arrest of the appellant herein and an improper label will not make an arrest illegal which was based on probable cause. Chippas v. State, Fla.App. 1965, 180 So.2d 355; Ralph v. Pepersack, 335 F.2d 128 (4th Cir.1964); Bell v. United States, 102 U.S. App.D.C. 383, 254 F.2d 82 (1958).
The appellant also seeks reversal because the trial court failed to give an instruction to the jury of the weight to be given by it to the appellant's confession. He did not seek such an instruction at trial and, therefore, reversible error was not committed in this regard, Fla. Stat. § 918.10(4), F.S.A. See also Hamilton v. State, Fla.App. 1963, 152 So.2d 793.
Error is claimed in that the trial judge did not explicitly determine whether the statement of the defendant was voluntarily given before admitting it into evidence. The voluntariness of the confession was properly determined. See Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Brown v. State, Fla.App. 1966, 181 So.2d 578; Rollins v. State, Fla.App. 1965, 179 So.2d 377.
Affirmed.