**Edward WILLIAMS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 29099.**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 11, 1970.

---

Edward Williams, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., J. Terrell Williams, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that this case is of such character as not to justify oral argument. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pac. Co., 5 Cir. 1969, 417 F.2d 526, Part I and Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; 5th Cir. R. 18.

Edward Williams appeals from an order of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

On our review of the record and for the reasons stated by District Judge Clyde Atkins in his memorandum opinion, reprinted here, we affirm the judgment of the district court. *See* Pringle v. Beto, 5 Cir. 1970, 424 F.2d 515 [March 26, 1970].

ORDER DISMISSING PETITION

THIS CAUSE is before the Court on the Petition for Writ of Habeas Corpus of Edward Williams. The Response of the State has been received.

Petitioner has been twice tried for the April, 1962 murder of Lucy Ann Wethington. The first conviction was overturned and a new trial ordered by the Florida Supreme Court pursuant to Criminal Procedure Rule 1. Williams v. State, 184 So.2d 525 (4th DCA Fla. 1966). Both juries failed to recommend mercy and Petitioner was sentenced to death. The second conviction was affirmed on direct appeal by the Florida Supreme Court. Williams v. State, 228 So.2d 377 (April 23, 1969).

 Petitioner now challenges his second conviction. He advances three grounds in his formal petition and several more in an attached, informal petition. The only grounds that a habeas court can consider are those that have been presented to the highest state court. Whippler v. Balkcom, 342 F.2d 388 (5th Cir. 1965). The Florida Supreme Court has considered only three of the grounds here advanced:

1) The admissibility of a photograph of the victim at the death scene;

2) The admissibility of a small paper note found on the defendant at the time of arrest; and

3) Denial of a fair jury in violation of the Sixth and Fourteenth Amendments. This federal habeas court will consider only these three grounds. The Petition is dismissed as to all other grounds because it appears that no state court in any way has had the opportunity to consider them.

 Petitioner alleges that he was prejudiced in the eyes of the jury by the admission into evidence of both the photograph and the note. Both contentions are evidentiary in nature. The trial judge has ruled upon their relevancy and possible prejudicial effect and has been affirmed on appeal. A federal habeas court does not "sit to review state court action on questions of the propriety of the trial judge's action in the admission of evidence." Lisenba v. California, 314 U.S. 219, 228, 62 S.Ct. 280, 286, 86 L.Ed.

166 (1941); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Nees v. Culbertson, 406 F.2d 621 (5th Cir. 1969). The actions complained of do not rise to a constitutional level within the meaning of Title 28 U.S.C.A. Section 2241(c) (3) and must be dismissed.

 The third and most serious allegation challenges the lawfulness of the jury that sentenced Petitioner to death on the basis of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). *Witherspoon* stands for the limited proposition that the state cannot challenge a venireman for cause merely because he said he was "opposed to capital punishment" or indicated that he had "conscientious scruples against inflicting it." Id., at 514, 88 S.Ct. 1770. At the same time the Supreme Court was very careful to point out that the state had an equal right to an impartial jury. Therefore, the state still has the right to challenge any venireman that demonstrates that his view of capital punishment would either prevent him from finding the defendant guilty or prevent him from imposing the death penalty. Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968).

With these standards in mind this Court has carefully examined the transcript of the voir dire examination. The Court feels there is nothing that an evidentiary hearing could do to enable the Court to render judgment. The voir dire must stand or fall on the record. There were eight veniremen who were dismissed for cause. The Florida Supreme Court has thoroughly considered the dismissal of three of these veniremen in an unpublished opinion. (Mr. Mitchell, Mr. Haslom and Mr. Epps). Upon independent analysis and upon the authority of Title 28 U.S.C.A. Section 2254(d) this federal habeas court adopts those findings as its own.

Mrs. Radswick, like Mr. Mitchell, expressed the view that she could not bring in a guilty verdict if she knew the Petitioner might be sentenced to death.

924

This opinion clearly prevents both these veniremen from reaching the impartiality that the state is entitled to.

Mrs. Mackey is of the identical opinion as Mr. Haslom. They both expressed the firm belief that under no circumstances or facts could they vote for the death penalty. Their answers to the questions propounded to them clearly showed that they were unable to consider all of the penalties provided by state law. Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969).

Mr. Nethers was excused because he stated he was present during the Petitioner's first trial and conviction and felt that he could not be impartial in judging the second trial. Mr. Bergman and Mr. Dobbings expressed preconceived opinions as to Petitioner's guilt and their inability to overlook it and decide the case impartially on the facts presented. None of these veniremen expressed any objection to the death penalty. They were all excused for reasons consistent with Florida Statutes Sections 913.03 and 53.021, F.S.A.

From a careful reading of the voir dire examination it becomes abundantly clear that each excused venireman was excused because he demonstrated an inability to decide the case before him on the facts presented. This is equally true with Mr. Epps whose excusal has not been separately discussed. The state did far more than the Illinois prosecutor in *Witherspoon* to clearly demonstrate that those veniremen who *objected to capital punishment would be* unable to put their views aside and decide the case impartially on the facts. There has been no violation of petitioner's right to a fair jury trial because of the exclusion from the jury of all those who voiced objection to capital punishment. It is therefore

ORDERED AND ADJUDGED that the Petition be dismissed on all grounds presented without prejudice to reassert in a subsequent petition, after exhaustion of state court remedies, those grounds that have not been ruled upon in this Order.

DONE AND ORDERED at Miami, Florida this 19th day of November, 1969.

cc. Mr. Edward Williams
Hon. Earl Faircloth, Miami Office
Hon. Louie Wainwright