**Wallace PLEAS, Petitioner-Appellant,**

**v.**

**L. L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.**

**No. 30905**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

April 15, 1971.

Rehearing Denied May 4, 1971.

Wallace Pleas, pro se.

Robert L. Shevin, Atty. Gen., succeeding Earl Faircloth, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

---

\* [1] Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Wallace Pleas appeals from an order of the district court denying his petition for the writ of habeas corpus. We affirm.

Pleas was convicted by a jury in a Florida state court on two counts of first degree murder. He was sentenced to death by electrocution. The Florida Supreme Court affirmed his conviction. Pleas v. State, 184 So.2d 647 (Fla.1966). Pleas then filed in the state trial court a motion to vacate the judgment under Rule 1.850, Fla.R.Crim.P. 33 F.S.A. No action was taken on the motion.

In his habeas petition filed in the federal district court and on appeal here Pleas has raised only those issues that he presented to the Florida Supreme Court on direct appeal. Therefore, we have no problem of failure to exhaust state remedies. *See* Williams v. Wainwright, 5 Cir. 1970, 427 F.2d 921, 922; Whippler v. Balkcom, 5 Cir. 1965, 342 F.2d 388. Pleas contends that (1) the trial court erred in admitting into evidence photographs taken at the death scene; (2) the court erred in denying his request for additional instructions on the questions of premeditation and heat of passion as reducing the degree of the offense charged; and (3) the State's evidence was insufficient to support a verdict of guilty.[1] Ruling that the grounds presented did not constitute bases for federal habeas corpus relief, the federal district court denied the petition.

■ There is no error in the decision of the district court. The question of the admissibility of the photographs is evidentiary in nature and as such does not present a constitutional issue. Flanagan v. Beto, 5 Cir. 1971, 437 F.2d 895; Williams v. Wainwright, 5 Cir. 1970, 427 F.2d 921, 922. Similarly, the alleged error in the trial court's instructions to the jury cannot constitute a basis for federal habeas corpus relief, unless the error was so prejudicial as to render the trial "fundamentally unfair." Higgins v. Wainwright, 5 Cir. 1970, 424 F.2d 177, 178; Flagler v. Wainwright, 5 Cir. 1970, 423 F.2d 1359; McDonald v. Sheriff of Palm Beach County, Florida, 5 Cir. 1970, 422 F.2d 839. There is no such error in this case. Finally, we have consistently held that insufficiency of the evidence is not a ground for federal habeas relief. *E. g.*, Summerville v. Cook, 5 Cir. 1971, 438 F.2d 1196; Fulford v. Dutton, 5 Cir. 1967, 380 F.2d 16, 17.

The judgment of the district court is affirmed.

---

1. In a reply brief filed in this Court Pleas has raised a fourth issue. He contends that his continuance in solitary confinement until such time as a Governor's warrant of execution should issue constitutes cruel and unusual punishment and a denial of due process. Pleas does not allege, however, that he has unsuccessfully presented this contention to the appropriate state authorities. Moreover, the record affirmatively reveals that he did not present the issue to the federal district court. In these circumstances we cannot consider it here on appeal. Accordingly, we express no opinion on the merits of his claim.