**Wade Gilbert HAMPTON, Appellant,**

v.

**W. B. HAUCK, Sheriff of Bexar County, Texas, Appellee.**

No. 24197.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1967.

Rehearing Denied Nov. 17, 1967.

Wade Gilbert Hampton, pro se.

Preston H. Dial, Jr., Asst. Dist. Atty., San Antonio, Tex., for appellee, Crawford Martin, Atty. Gen., Austin, Tex., of counsel.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

Petitioner, represented by court-appointed counsel, was convicted by jury trial in the 175th District Court, Bexar County, Texas, of giving a worthless check of more than $50.00 and was sentenced as a recidivist to serve ten years. Vernon's Ann. Texas Penal Code, Art. 567b, §§ 1 and 4. Substantially the same contentions now presented for our consideration were also presented on direct appeal and his conviction was affirmed by the Texas Court of Criminal Appeals. Hampton v. State, 402 S.W.2d 748 (1966). A petition for writ of habeas corpus was then brought in the United States District Court for the Western District of Texas. The court denied the petition without a hearing, assigning detailed reasons for the denial, and we affirm.

Petitioner's chief claims are that he was deprived of his constitutional rights at the state trial because (1) he was required to testify as to whether he had previously been convicted of a felony, (2) the state was permitted to introduce testimony of other similar offenses for which petitioner had not been convicted and (3) he was denied the right to introduce a rebuttal witness.

From a review of the record we find that the district court committed no error in denying the habeas corpus petition. At petitioner's trial he voluntarily took the witness stand and thus subjected himself to questioning about his prior felony convictions for purposes of impeachment. Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704, reh. den. 318 U.S. 801, 63 S.Ct. 826, 87 L.Ed. 1164 (1943); Claunch v. United States, 155 F.2d 261 (5 Cir. 1946). The evidence of extraneous similar offenses was properly admitted by the trial court to show an intent to defraud, an essential element of the offense for which petitioner was convicted. Peeples v. United States, 341 F.2d 60 (5 Cir.), cert. den. 380 U.S. 988, 85 S.Ct. 1362, 14 L.Ed.2d 280 (1965); Ahrens v. United States, 265 F.2d 514 (5 Cir. 1959); O'Brien v. State, 376 S.W. 2d 833 (Tex.Cr.App.1964). Finally, it is within the trial court's sound discretion to deny petitioner's right to a rebuttal witness, and on the record before us we find no abuse of discretion. We have considered the other contentions of the appellant and find them to be without merit and frivolous. Accordingly, the order of the district court denying the petition for writ of habeas corpus is affirmed.