**Elwin Rudolf KING, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

Civ. A. No. 3–2224.

United States District Court
N. D. Texas,
Dallas Division.

Nov. 5, 1968.

John Ensle; (court appointed) Houston, Tex., for petitioner.

Crawford C. Martin, Atty. Gen., of Texas, R. L. Lattimore, Howard M. Fender and Thomas F. Keever, Asst. Attys. Gen., for respondent.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner in this habeas corpus proceeding is attacking two 1959 convictions. He was charged in two indictments with two incidents of statutory rape. He pled not guilty on the first indictment, but was convicted and sentenced to fifty years by the jury. Thereupon the charge in the second indictment was reduced to assault with intent to rape. Petitioner pled guilty and was given a concurrent fifty-year sentence.

Petitioner, in his application for a writ of habeas corpus, asserts that he is not guilty of either offense, and attacks both convictions on numerous grounds. Before the merits of his contentions can be considered, however, the threshold question whether petitioner has exhausted his state remedies must be answered. In this connection, two problems arise. Petitioner in this Court has raised several grounds for relief that have not been presented to the state courts for determination. Secondly, as both of petitioner's attempts to obtain relief in state courts preceded the enactment of Texas's new liberalized postconviction statute, art. 11.07, Vernon's Ann.Tex.Code Crim.P., the state courts have had no opportunity to apply the new

procedure to any of petitioner's claims, leaving the new state procedure unexhausted. Were another evidentiary hearing required or desirable, it would be my duty, in the interest of comity, to remand petitioner to state court, where he might invoke the post-conviction remedies now available to him. State of Texas v. Payton, 390 F.2d 261 (5th Cir. 1968); cf. Bruce v. Beto, 396 F.2d 212, 213 (5th Cir. 1968) (per curiam). For a number of reasons, however, a dismissal without prejudice at this stage of the litigation would be unjust to both parties. Moreover, a refusal to decide petitioner's contentions on the merits now would waste the considerable amount of time and thought that I have devoted to this case. It would frustrate two of the principal purposes of the Great Writ without significantly advancing the interests of comity. For all of these reasons, both justice and sound judicial policy constrain me to dismiss all of petitioner's claims on the merits.

■ Justice, policy, and the purposes of the writ are intertwined, for the purposes of the writ are to provide an effective, swift means for the vindication of constitutional rights. See Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). In *Rowe* the Supreme Court identified two basic purposes of the Great Writ: "to provide for swift judicial review of alleged unlawful restraints on liberty," and to be an effective "instrument for resolving fact issues not adequately developed in the original proceedings." Id. at 63, 88 S.Ct. at 1554; accord, Lydy v. Beto, 399 F.2d 59 (5th Cir. 1968).

The proceedings in this matter have long ago become unduly protracted. Four oral hearings have been held, including two exhaustive evidentiary hearings. Of necessity, a substantial amount of time has been consumed. Any further delay in the final resolution of petitioner's contentions should be avoided; both parties can justly insist that this litigation soon come to an end. A dismissal without prejudice would only prolong it.

Petitioner would have to file a new petition in the state court in which he was convicted. That court would be constrained to hold yet another evidentiary hearing, for the facts in this matter are hotly disputed, and "where an unresolved factual dispute exists, demeanor evidence is a significant factor in adjudging credibility. And questions of credibility, of course, are basic to resolution of conflicts in testimony." Townsend v. Sain, 372 U.S. 293, 322, 83 S.Ct. 745, 762, 9 L.Ed.2d 770 (1963). If the state court should deny him relief, petitioner would have to return to this or some other federal court for a final resolution on the merits.

Such extended delay is unnecessary. In this Court petitioner has been given a full opportunity to present all his evidence on all his claims. A full record is before me, including affidavits from the state judge and prosecutor. Both petitioner and his counsel have stated in open court that further live testimony is unnecessary, and they have no other evidence to offer. Tr. 330–32, September 28, 1967. The case has been transferred from Houston to the Dallas Division of the Northern District of Texas to afford petitioner and respondent the opportunity to call local witnesses. Petitioner, his trial counsel, and a number of other witnesses have testified before me. Throughout I have observed their demeanor and therefore possess all the evidentiary background requisite to an informed decision on the merits. In another context Chief Judge Brown of our Circuit recently noted that the need to ensure that violations of federal constitutional rights do not go undetected "do[es] not call for two sets of full-blown post-conviction trials." Peters v. Rutledge, 397 F.2d 731, 739 (5th Cir. 1968). Dismissing this case without prejudice would require it to be tried again.

■ The doctrine of comity does not compel a different result. "The rule of exhaustion [of state remedies] 'is not one defining power but one which relates to the appropriate exercise of pow-

er.' Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 445 [1939]." Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837 (1963). For the reasons that have been stated, it not only would be inappropriate, but would frustrate the purposes of the Great Writ for me to abstain from resolving this matter on the merits.

Respondent, however, has moved to dismiss the claims that have never been presented to the Texas Court of Criminal Appeals. Counsel for respondent has also expressed an interest in moving to dismiss because of the availability of the new post-conviction procedure, although no formal motion has been filed. I must therefore determine whether I have the power to ignore the wishes of this representative of the State of Texas in this case, and whether it would be wise judicial policy to do so.

The United States Supreme Court in Fay v. Noia, supra, recently adhered to an earlier statement of the rationale that supports the exhaustion doctrine:

> [I]t would be unseemly in our dual system of government for a federal district court *to upset a state court conviction* without an opportunity to the state courts to correct a constitutional violation * * *. Solution was found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter. Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 [1950].

372 U.S. at 419–420, 83 S.Ct. at 838 (emphasis added). The codification of the exhaustion requirement, 28 U.S.C. § 2254, goes no farther than this statement of the rationale for the doctrine:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *.

(Emphasis added.) While the exhaustion requirement is often stated loosely, its mandate thus is not that a federal court not act unless state remedies have been exhausted, but that it not interfere with the administration of the state's criminal law until state courts have been given the opportunity to correct violations of constitutional rights. Accord, Hill v. Beto, 390 F.2d 640 (5th Cir. 1968) (per curiam). The Third Circuit has repeatedly held that the exhaustion doctrine "permits *denial* of a petition for the Great Writ on its merits, though state remedies may not be exhausted":

> Manifestly, "it is not an indignity to state processes to assert that a claim of this sort [constitutional infringement] on its face or on a full record is clearly without merit."

United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir.), cert. denied, 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52 (1964) (emphasis and brackets by the court, footnotes omitted).

The delicate balance between the federal and state judiciaries would doubtless be upset if federal district and appellate courts made it a practice to review the merits of contentions that had not been presented to the state courts for consideration. The national sovereign should not allow itself to be accused of officious intermeddling. In this case at this stage of the litigation, however, a denial on the merits of petitioner's application for a writ cannot be considered intermeddling. His application, at least as to some of his contentions, was properly before this Court, at least until the enactment of article 11.07. The remaining contentions, which were not presented to the state courts for resolution, raise questions intimately intertwined with the contentions properly in federal court. Since an evidentiary hearing was necessary before the merits of the contentions properly before this

Court could be assessed, and since the facts concerning the new contentions were within the knowledge of the witnesses called to testify with respect to the old, it was desirable to explore all the issues and obtain a complete record. On that record, petitioner's contentions can all be dismissed. To follow any other course would be to waste judicial time and afford petitioner "two sets of full-blown post-conviction trials." Peters v. Rutledge, supra, 397 F.2d at 739. Petitioner's application must be denied on the merits.

Once the procedural obstacle has been cleared, petitioner's *substantive claims* may be disposed of summarily. Petitioner has leveled several formal attacks on the indictments under which he was convicted. He also complains that his jury conviction was the result of perjured testimony given by witnesses who had been coerced by the State into so testifying, that evidence of a prior conviction was introduced against him, and that his guilty plea in the second case was not voluntary. All but the last of these claims have been urged in the state courts without avail. They will be treated seriatim.

■■■ 1. Petitioner complains that his name was misspelled in the indictments and that the indictments do not show on their face that the offenses were committed before the indictments were returned or that prosecution was not barred by the statute of limitation. The records show that the misnomer was corrected when petitioner brought it to the attention of the court. Moreover, petitioner does not deny, and the documents and testimony in this action show that prosecution commenced within a few months of the acts charged in the indictments. Such defects of form are not of constitutional dignity. See Cameron v. Hauck, 383 F.2d 966, 971–972 (5th Cir. 1967), cert. denied, 389 U.S. 1039, 88 S.Ct. 777, 19 L.Ed.2d 828 (1968).

Courts measure the sufficiency of an indictment by two basic criteria: "[F]irst, whether the indictment 'contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet," ' and, secondly, ' "in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' "

Webb v. United States, 369 F.2d 530, 535–536 (5th Cir. 1966), quoting Russell v. United States, 369 U.S. 749, 763, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The indictments attacked here are models of precision and clarity. The misnomer was harmless, as two witnesses, including the prosecutrix, identified petitioner at trial as the man who did the act charged in that indictment, and the records in this proceeding clearly indicate that the mistake was a misnomer and not an indictment of the wrong man. Petitioner's attacks on these indictments must be dismissed.

■■■ 2. The key prosecution witnesses in petitioner's state criminal trial were two, the prosecutrix and another juvenile who testified to the circumstances surrounding the act charged. Both witnesses had been in the custody of the juvenile authorities for several weeks preceding the trial. Petitioner in this proceeding asserts that the state authorities coerced these witnesses into giving false testimony at the trial. On the record before me I find this assertion incapable of belief. The prosecutrix has never wavered. The other juvenile did testify for petitioner in the first evidentiary hearing, but immediately recanted and in a later evidentiary hearing admitted that he had perjured himself before me with the encouragement of petitioner and another. In the state criminal trial petitioner's court-appointed attorney attempted to impeach the juveniles' testimony by showing that they were under the control of the state authorities. Tr. 28–29, April 23, 1964; Tr. 25, September 27, 1967; Tr. 124–27, September 28, 1967. I agree with the jury that their testimony was true, and

that there was no coercion. This contention, too, must be dismissed.

3. Petitioner testified at his state trial, and the prosecution introduced evidence of a prior felony conviction to impeach his testimony. Such impeachment was not improper. Hampton v. Hauck, 383 F.2d 389 (5th Cir. 1967). Petitioner also complains that the prosecution failed to prove that he was the man who had been convicted in the prior case. In these proceedings, however, petitioner has admitted that he indeed is the one who was convicted, so the error, if any, was harmless.

4. Finally, petitioner asserts that for three reasons his guilty plea to the other indictment was involuntary: (a) he was influenced by the jury conviction the week before, which he asserts was void; (b) he was influenced by a promise by the sentencing judge and the prosecution that if he pled guilty the charge would be reduced and he would be sentenced to only five years on the second charge; and (c) he was threatened by the sentencing judge that if he did not plead guilty, his trial on the second charge would be delayed indefinitely and he would be given a consecutive instead of a concurrent sentence. As I have held petitioner's jury conviction to be valid, and the testimony on which it was based not to have been coerced, petitioner can only claim that the alleged promise and threat destroyed the voluntariness of his guilty plea. Petitioner, to prevail here, must establish these contentions by a preponderance of the evidence. Walker v. Beto, 387 F.2d 626 (5th Cir. 1967) (per curiam); see Welch v. Beto, 355 F.2d 1016 (5th Cir.), cert. denied, 385 U.S. 839, 87 S.Ct. 88, 17 L.Ed.2d 72 (1966). I find, instead, that petitioner's own testimony in this matter refutes both contentions. Petitioner testified before me that he was hard of hearing and may not have understood all of the proceedings, Tr. 21, 25, April 23, 1964, and also testified that he is not positive that any promise was in fact made, Tr. 36–37, September 27, 1967. As to the alleged threat, petitioner admitted in response to questioning that he asked to be advised of his status on the second charge, and the judge advised him. Tr. 31–33, September 27, 1967. There is absolutely no credible evidence in the record before me that either the prosecution or the judge exceeded the bounds of propriety or that either overcame petitioner's will. On the other hand, the record contains ample evidence that the sentencing proceeding was entirely proper, that petitioner pled guilty because he was guilty, and that he was fully warned before his plea was accepted. Tr. 115–22, 133–35, 137–39, September 28, 1967. Petitioner has failed to sustain his burden of showing that his will was overborne and his plea not voluntary. Cf. Moore v. Wainwright, 401 F.2d 525 (5th Cir. Oct. 11, 1968); United States ex rel. McGrath v. LaVallee, 319 F.2d 308 (2d Cir. 1963); Decatur v. Hiatt, 184 F.2d 719 (5th Cir. 1950). His assertion is dismissed.

On a full record, therefore, I find all of petitioner's factual complaints to be pure fabrications. His few legal complaints, moreover, are clearly not of constitutional dignity. In the second hearing in this matter I gave in open court my assessment of petitioner's testimony:

> From the time I heard and observed the petitioner here, it was my tentative conclusion, and it hasn't changed, that I didn't believe what the petitioner said.

Tr. 36, April 21, 1965. On a full record I am convinced that petitioner has repeatedly perjured himself in this proceeding. And moreover, I find the evidence convincing that he and another have suborned the perjury of another witness. Accordingly, I direct the Clerk to send the entire file in this action to the United States Attorney for the Northern District of Texas for his careful review and appropriate action. Perjurers should not be permitted to abuse the Great Writ of habeas corpus with impunity. Failure to prosecute them in an appropriate case would make a mock-

ery of the Writ and our system of justice.

The foregoing constitute the findings of fact and conclusions of law in this case. Counsel for respondent will submit a form of judgment.