447 F.2d 1346
 Ronald Jim REDD, Petitioner-Appellant,
v.
James E. (Bill) DECKER, Respondent-Appellee.
No. 71-1767 Summary Calendar.*
Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 8, 1971.
 
 Charles W. Spencer, Dallas, Tex., for petitioner-appellant.
 Crawford Martin, Atty. Gen. of Texas, Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant was convicted in state court upon his plea of not guilty to the offense of Assault With Intent to Murder and sentenced to twenty-five years in the penitentiary. His conviction was affirmed by the Texas Court of Criminal Appeals. Redd v. State, 452 S.W.2d 919 (Tex.Crim.App.1969). This appeal is from the district court's denial of habeas corpus relief.
 
 
 2
 Appellant first contends that his conviction must be reversed because the trial court (1) refused to allow his witnesses to testify to appellant's state of mind subsequent to his arrest, (2) commented on the weight of the evidence by stating in front of the jury that testimony was 'self-serving,' (3) allowed the jury to view the entire state files pertaining to appellant's past convictions and prison record, only part of which were later introduced at the sentencing hearing, and (4) allowed introduction of records of past convictions which were inadmissible under state law.
 
 
 3
 The district court found that appellant was not denied procedural due process and that the trial court rulings on the evidentiary matters conformed with state law and did not contravene any constitutional provision. We agree. This Court is here considering a collateral attack upon a state court conviction, not a direct appeal. Only errors reaching constitutional dimensions can thus be considered. All these evidentiary matters were raised at appellant's trial and upon appeal received fair consideration on the basis of existing applicable legal standards. Appellant has failed to establish by these contentions a violation of federal constitutional rights of such magnitude as to entitle him to a new trial.
 
 
 4
 Appellant next contends that the taking of his fingerprints during the trial for the purpose of proving prior convictions at the sentencing hearing constituted an illegal search and seizure in contravention of the Fourth and Fourteenth Amendments. Illegal detention is not alleged by appellant, and we can see no other basis for such a contention.
 
 
 5
 Finally, appellant contends that he was denied due process by the trial court's failure to hold a separate hearing on the issue of temporary insanity at the time of the offense and the failure of the trial court, in light of appellant's indigency, to appoint psychiatrists to examine him.
 
 
 6
 Appellant failed to inform the trial court of his desire to have a separate hearing and court-appointed psychiatric help. In order to avoid the conclusion that appellant has waived these rights, we must find that the instant case is analogous to Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), wherein the Supreme Court found that the trial court's failure to investigate the sanity of defendant on its own motion constituted a denial of due process.
 
 
 7
 We do not so find. Pate in distinguishable from the instant case in several respects. The Court in Pate was reluctant to find a waiver from defendant's failure to request a hearing because it deemed tt contradictory to conclude that defendant may have been incompetent at the time of his trial, yet knowingly and intelligently waived his right to have the court determine his capacity to stand trial. The instant case involves temporary insanity at the time of the offense, the possibility of which is not inconsistent with a knowing and intelligent waiver at the time of trial. Moreover, the facts of the instant case indicate merely a slight possibility of temporary insanity, whereas in Pate the evidence of defendant's past irrational acts and previous adjudications of insanity indicated almost conclusively that the defendant there was insane.
 
 
 8
 Finding no merit to appellant's contentions, we affirm.
 
 
 9
 Affirmed.