**Anthony Martin ZILKA, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. CA–2–1112.**

United States District Court,
N. D. Texas,
Amarillo Division.

Dec. 6, 1971.

Bowen C. Tatum, Jr., Huntsville, Tex., for petitioner.

Crawford C. Martin, Atty. Gen. of Tex., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

WOODWARD, District Judge.

Petitioner, Anthony Martin Zilka, is a prisoner in state custody, pursuant to judgment and sentence of the 47th Judicial District Court of Randall County, Texas, in Cause No. 1479, styled State of Texas v. Anthony Martin Zilka. Petitioner was convicted by a jury upon his plea of not guilty to an indictment charging him with the felony offense of rape and on June 10, 1964, he was sentenced to life imprisonment in the Texas Department of Corrections. His conviction was affirmed by the Texas Court of Criminal Appeals. Zilka v. State, Tex.Cr.App., 385 S.W.2d 680 (1964).

Petitioner, represented by counsel, filed this complaint in the Houston Division of the Southern District of Texas under the provisions of Section 2241 et seq., Title 28 U.S.C. By order of the judge of that court the application for writ of habeas corpus was transferred to the Fort Worth Division of the Northern District of Texas on August 4, 1971, and in turn was transferred to this Court on September 16, 1971. He is proceeding in forma pauperis. By his petition he challenges the conviction for which he is imprisoned, alleging (1) that Article 38.08 Vernon's Ann.Code of Criminal Procedure of Texas (1965), previously Article 710 Code of Criminal Procedure of Texas is unconstitutional and violates the self-incrimination provisions of the Constitution of the United States; (2) that the introduction of evidence of prior convictions before a finding of guilty denied Petitioner due process of law under the Fourteenth Amendment, right to a trial by an impartial jury, and equal protection of the laws under the Fourteenth Amendment; (3) that introduction of the testimony of Norma Jean Andrews under the guise and protection of the res gestae rule in sex cases violated the right of cross-examination of the witness; (4) that the testimony of Janis Poole, a friend and neighbor, combined with the statutory disqualification imposed against Norma Jean Andrews, the three year old injured party, and the failure of the State of Texas to provide a procedure through the use of psychiatrist or other person skilled in the interpretation of child behavior as to the reliability of the statement made by the three year old injured party, the failure to provide funds for the defense to seek such professional advice and the previously admitted evidence that, "Tony" peed on her daughter which appears to be hearsay testimony all created a trial circumstance so prejudicial and unfair that Petitioner was compelled to take the witness stand, and the introduction of prior felony convictions on cross-examination rendered the trial procedures in this case even more unconstitutional;

and (5) that Petitioner was deprived of financial aid for the purposes of investigation and expert testimony.

The pleadings and exhibits filed herein show that the issues raised in this application have been first presented to the Courts of the State of Texas. Petitioner filed an application for writ of habeas corpus in the convicting court. On February 11, 1970, that court considered the application, reviewed its record, and filed written findings of fact and conclusions of law based upon the trial record. The Court of Criminal Appeals of Texas denied the application without written order on the findings of the trial court without a hearing on July 20, 1970. Petitioner has exhausted the remedies available in state court and the challenges raised by his application are properly before this Court.

■ The proposition that a criminal accused cannot be compelled to take the stand and give evidence against himself is so well understood that it requires no citation of authority to support it. This constitutional right may, of course, be waived. It is well established that when an accused takes the stand he waives his privilege against self-incrimination and he subjects himself to questioning about prior felony convictions for purposes of impeachment. Hampton v. Hauck, Sheriff of Bexar County, Texas, 5th Cir., 1967, 383 F.2d 389; Hayes v. United States, 5th Cir., 1969, 407 F.2d 189; King v. Beto, N.D.Tex.1968, 291 F.Supp. 946.

■ A witness has the choice, after weighing the advantage of the privilege against self-incrimination against the advantage of putting forward his version of the facts and his reliability as a witness, not to testify at all. The thrust of Petitioner's first, second and fourth contentions, however, is that there was such "unfairness" in the trial of the case that Petitioner had no choice but to take the stand and thus subject himself to having his credibility impeached by the admission of testimony regarding prior convictions. In substance, Petitioner claims that the stand-

ard of fundamental fairness inherent in the due process clause of the Fourteenth Amendment was violated and that Article 38.08 Code of Criminal Procedure is unconstitutional.[1] He does not contend that any specific constitutional right has been violated [2] but predicates his assault on notions of general "fairness". In this area the federal courts have always moved with caution before striking down state procedures. Spencer v. Texas, 385 U.S. 554, 564–65, 87 S.Ct. 648, 17 L.Ed.2d 606 (1966). This Court is of the opinion that Petitioner has not been deprived of his constitutional rights and his first, second and fourth contentions are without merit.

■ Petitioner's third contention complained of the testimony of a neighbor who testified during trial under questioning concerning statements made to her by the three year old injured party. The testimony was admitted under the res gestae exception to the hearsay rule. The Texas case that appears to be the landmark for the facts of this case is Haley v. State, 157 Tex.Cr.R. 150, 247 S.W.2d 400, wherein this procedure was approved.[3] The states are free to provide such procedures as they choose, including rules of evidence, provided that none of them infringes a guarantee in the Federal Constitution. Burgett v. Texas, 389 U.S. 109, 114, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The action complained of does not rise to a constitutional level and must be dismissed. Williams v. Wainwright, 5th Cir., 1970, 427 F.2d 921; Redd v. Decker, 5th Cir., 1971, 447 F.2d 1346 [No. 71–1767, September 8, 1971].

■ The remaining contention gives the Court little pause. The transcription of the proceedings in the state trial court is before this Court, together with the state trial judge's findings of fact. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), Fitzgerald v. Wainwright, 5th Cir., 1971, 440 F.2d 1049 [No. 29,493, April 7, 1971]. No request was made by the Petitioner for psychiatric examination of the three year old injured party to determine the reliability of the statements made by her. The record does not reflect that any application for financial aid for the purposes of investigation and expert testimony was ever made by Petitioner. No constitutional question is raised by Petitioner's contentions.

Petitioner is not confined in violation of the Constitution and is not entitled to the writ of habeas corpus. Accordingly the application for writ of habeas corpus is hereby denied and dismissed.

1. Article 38.08 Code of Criminal Procedure
   Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause.

2. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) was relied upon by petitioner in Spencer v. Texas, wherein Spencer was attacking the Texas recidivist procedure in which prior convictions were used by the jury, supposedly only for sentencing purposes if there was finding of guilt. This procedure was attacked on the ground that it violated the standard of fundamental fairness inherent in the Due Process Clause of the Four-teenth Amendment. The court found the reliance on Jackson v. Denno to be misplaced because the *Jackson* procedure was designed as a specific remedy to insure that an involuntary confession was not in fact relied upon by the trier of fact. In the procedures attacked in *Spencer*, in contrast, no specific federal right—such as that dealing with confessions—was involved, reliance being placed solely on a general "fairness" approach and the Supreme Court failed to find constitutional deprivation.

3. A federal court adopting a similar procedure is Wheeler v. United States, D.C. Cir., 1953, 211 F.2d 19, cert. den. 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140, reh. den. 348 U.S. 952, 75 S.Ct. 21, 99 L.Ed. 671.